## MATTIZA v. LACHS.
### No. 11702.

Court of Civil Appeals of Texas. San Antonio.

July 9, 1947.

Rehearing Denied Oct. 8, 1947.

B. H. Kirk, of Robstown, and Ward & Brown, of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by Philipp Lachs, doing business as South Texas Seed & Feed Company, against W. H. Mattiza for breach of contract to deliver a million pounds of grain in July, 1945, for a basis price of $1.25 per hundred pounds.

The trial was to a jury and, based upon the findings of the jury, judgment was entered in favor of Philipp Lachs and against W. H. Mattiza, in the sum of $4,933.09, and from that judgment W. H. Mattiza has prosecuted this appeal.

Appellant first contends that the evidence shows a different contract from the one plead and therefore the court erred in entering judgment based upon the verdict of the jury. We overrule this contention. In determining whether or not the pleadings are sufficient to justify the submission of an issue to the jury, the pleadings of the defendant are to be considered as well as those of the plaintiff. Ray v. Barrington, Tex.Civ.App., 297 S. W. 781. When appellant's answer is considered along with appellee's petition, ample pleadings are found to support the judgment.

Furthermore, the issues complained of were requested by appellant and, therefore, he is not now in a position to assert that such issues are not supported by the pleadings. Haynes v. Taylor, Tex.Com. App., 35 S.W.2d 104.

Again, under the provisions of Rule 67, Texas Rules Civil Procedure, providing, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings," no error is here shown. American Nat. Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

Appellant next complains because the court overruled his special exception directed to appellee's petition, for failure to allege the time when appellant breached

J. F. Park, of Corpus Christi, and E. B. Grimes, of Robstown, for appellant.

the contract. No error is here shown. Appellee alleged that the grain was to be delivered as harvested. Every time appellant sold a truck-load of grain to some one else he breached his contract. 55 C.J. 1112. The contract was breached upon a number of different dates.

By issue No. 7, the jury were asked the market value of milo maize and hegari, in Robstown, after June 7, 1945, and until August 1, 1945, to which the jury answered $1.78 per bushel. It is contended the evidence does not support this finding. We overrule this contention. Appellee testified that the farmers operated under the ceiling prices described by OPA in 1945, and that it was $2.24 after the middle of June. He stated further that the price to farmers was $2.14. He did testify that no grain was offered in Robstown on July 1st, but this is not equivalent to a statement that grain had no market value in Robstown at the end of July. Appellant cannot complain because the jury found a lesser market value than that testified to by appellee.

The witness W. N. Parr was permitted to testify over the objection of appellant to the effect that he had made an audit of the books of appellee and from this audit, verified by certain correspondence with the Transit Grain Company, he was able to determine that appellee had hedged his contract with appellant by selling one million pounds of grain to Transit Grain Company on May 2, 1945, for a price of $1.40 per hundred weight, and that this contract was canceled at $2.24, making an actual loss to appellee of 84¢ per hundred weight. This testimony was clearly hearsay and was admitted upon the promise that the original evidence would be produced, which was never done. The admission of this evidence, over the objection of appellant, was error and we are not in a position to say it was harmless. No doubt it carried great weight with the jury to be told that appellee had actually lost 84¢ per hundred weight on this deal. Stone v. Payne, Tex.Civ.App., 168 S.W.2d 503; Landers v. Overaker, Tex.Civ.App., 141 S.W.2d 451.

The other matters complained of by appellant probably will not occur upon another trial and therefore will not be discussed here.

The judgment is reversed and the cause remanded. .