C. J. CLARK, Individually and d/b/a Black and Clark Funeral Home, Appellant,

v.

Eddie Roy SMITH. et al., Appellees.

No. 18039.

Court of Civil Appeals of Texas, Dallas.

March 29, 1973.

Rehearing Denied April 26, 1973.

C. B. Bunkley, Jr., J. L. Turner, Jr., Dallas, for appellant.

W. S. Barron, Jr., Gerald P. Urbach, Michael L. Riddle, Geary, Brice, Barron & Sthal, Dallas, for appellees.

BATEMAN, Justice.

The appellees, surviving husband and children of Annie Ruth Smith, sued the appellant C. J. Clark, an undertaker, for damages resulting from his alleged mishandling of Mrs. Smith's body following her death. They claim damages for mental anguish and physical suffering. All findings of the jury were favorable to appellees, most of which findings formed the basis of the judgment from which all parties appealed. The appeals were consolidated. The parties will be designated herein as they were in the trial, or by their surnames.

On the night of October 1, 1967 Mrs. Smith suffered a heart attack, was rushed to Parkland Hospital in Clark's ambulance and was pronounced dead on arrival. By agreement between Clark's employee, Bishop Henry, and Mrs. Smith's son, the plaintiff Willie Morris, acting for himself and the other plaintiffs, the body was removed by Clark's employees to his place of business early on the morning of October 2, 1967. In midafternoon of October 2, 1967 plaintiffs employed McGowan Funeral Home to conduct Mrs. Smith's funeral. During the afternoon her body underwent a drastic change, becoming greatly swollen, the facial features becoming distorted, with the lips curled back, and the tongue and eyeballs protruding. Large blisters appeared on several parts of the body. Photographs taken of the body in this condition, and also of Mrs. Smith in her lifetime, are in the record and reveal a star-

tling metamorphosis. Plaintiffs alleged that this dreadful appearance of their mother's body was a result of defendant's breach of his agreement to keep the body in a condition suitable for decent burial until they decided which funeral director would handle the funeral; also that Clark was negligent in the handling of the body, which negligence proximately caused the injuries of which they complain. Other statements concerning evidence will appear at appropriate places later in this opinion.

In answer to the special issues submitted to them, the jury found (1) that Willie Morris, on behalf of himself and the other plaintiffs, and Bishop Henry orally agreed that defendant should take the body and keep it in a condition suitable for decent burial; (2) that Henry acted in the scope and course of his authority in making such agreement; (3) that defendant failed to keep the body in condition suitable for decent burial; (4) that the body was turned over to defendant's employees or agents and (5) accepted by them, (6) at a time when the body was in a condition suitable for decent burial, (7) for the purpose of having defendant keep the body until plaintiffs made funeral arrangements; (8) that defendant failed to redeliver the body in a condition suitable for decent burial, (9) which was negligence and (10) a proximate cause of plaintiffs' injuries; (11) that the failure of Clark's employees or agents to use any preservative fluids in the body was negligence and (12) a proximate cause; (13) that Clark's agents and employees failed to maintain the body at or below a temperature of 32 degrees Fahrenheit, (14) which was negligence, and (15) a proximate cause; (16) that Clark's agents and employees failed to maintain the body at such temperature as was necessary to preserve it under the facts and circumstances then existing, (17) which was negligence and (18) a proximate cause; (19) that Clark or his agents or employees failed to inform Willie Morris as to what steps were necessary for preserving the body, (20) which was negligence and (21)

a proximate cause; (22) that Willie Morris, as agent for the plaintiffs, requested Clark's driver and attendant to take the body and hold it until they decided what funeral home they wanted to handle the body, and (23) did not request defendant's agents and employees not to embalm the body; (24) that the jury did not find that any physical damage to the body took place after it left Clark's premises; (25) that plaintiffs failed to make funeral arrangements for the handling of the body before three o'clock p. m. on October 2, 1967, but (26) the jury declined to find that such failure was negligence; (28) that each of the plaintiffs had been damaged $6,000; (29) that while the body was on his premises Clark showed a conscious indifference to the rights of any of Mrs. Smith's relatives, and (30) that exemplary damages should be awarded, and (31) that each of the five plaintiffs should be awarded $500 exemplary damages.

Clark filed a motion for judgment notwithstanding the verdict and to disregard certain findings. In response thereto the trial court disregarded that part of the verdict which awarded the husband Eddie Roy Smith $6,000 actual damages, and all of the findings of exemplary damages, and rendered judgment that each of Mrs. Smith's four children recover $6,000.

Clark contends that the trial court erred in submitting Special Issues Nos. 1, 16, 17, and 18 because there was no evidence to support them. He also urges that the findings in response to Special Issues Nos. 1, 3, 8, 9, 10, 11, 12, 16, 17, 18, 19, 20, 21, 24 and 26 are so against the great weight and preponderance of the evidence as to be manifestly unjust and wrong. We have carefully read the entire statement of facts and the exhibits, and have concluded that all of these points of error (1 through 16) should be overruled.

The evidence is undisputed that Clark's employees removed the body from Parkland Hospital shortly after midnight and placed it in the "morgue" at his funeral

home, where it remained until late afternoon of that day. It was then picked up by employees of McGowan Funeral Home. The evidence is in sharp conflict as to the condition and appearance of the body at that time. Clark produced testimony to the effect that no substantial change had taken place in the condition of the body when it was removed from his place of business, but that after it arrived at McGowan's Funeral Home one of McGowan's employees, not a licensed embalmer, undertook to embalm the body and injected too much fluid into it, which caused its swollen, gruesome condition and appearance. Plaintiffs' witnesses, however, testified that decomposition was already in an advanced stage and that when the body arrived at McGowan's Funeral Home between 4:30 and 5:00 o'clock p. m. it was in such bad condition that McGowan would not permit it to be brought inside the building until the family of Mrs. Smith was called to view the body, and that after the members of the family had seen the body it was placed on a table in the preparation room, where it was photographed between 6.30 and 7:00 o'clock p. m. At about the same time a licensed embalmer, who was called in by McGowan, tried to preserve the body to stop the odor and further decomposition. Because of its condition, appearance and odor it was placed in a "disaster bag" and then into a sealed coffin or casket which could not be opened for the funeral services.

The jury found that the body was in a condition suitable for decent burial when it was turned over to Clark, and these findings (4, 5, 6 and 7) are not attacked. The jury found that Clark failed to redeliver the body in a condition suitable for decent burial, which was negligence and a proximate cause. There was evidence of probative value to support these and the other findings of negligence and proximate cause. Moreover, we cannot say that any of the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust or wrong.

Clark argues that these findings of negligence and proximate cause are meaningless and inadequate to support the judgment against him because no showing was made that he breached any duty owing to plaintiffs, citing Webb v. City of Lubbock, 380 S.W.2d 135, 136 (Tex.Civ.App., Amarillo 1964, writ ref'd n. r. e.). It is true that there is no direct testimony that Clark or any of his employees specifically agreed with Morris or other members of the family that they would or would not embalm the body, or that it would be kept in a condition suitable for decent burial. But the direct testimony must be viewed in the light of the existing conditions and circumstances. Reasonable inferences may be drawn from the direct testimony. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275 (1958); Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286, 290 (1951). A surgeon may not escape liability for damage accruing from his failure to guard against infection during surgery on the ground he had not agreed with the patient that he would do so. He will be held to have impliedly so agreed when he agreed to perform the operation. An accountant employed to prepare an income tax return impliedly agrees, without specifically saying so, that he will report all taxable income and take all legal exemptions and deductions.

Moreover, as said in Moody v. Messer, 489 S.W.2d 319, 321 (Tex.Civ.App., Corpus Christi 1972, no writ):

"In the absence of an express agreement in the contract to the contrary, accompanying every contract [for services] is a common-law duty to perform the work agreed to be done with care, skill, reasonable expedience and in a good and workmanlike manner; * * *."

In the case at bar Clark and his employees knew that plaintiffs intended to give the remains of their wife and mother decent burial. They must be held also to have known that plaintiffs relied on the

professional skills of defendant as an experienced and licensed undertaker to do whatever was reasonably necessary to keep the body in suitable condition for decent burial. When Clark was asked if it was his testimony that when he saw the body at 11:00 o'clock a. m. on October 2 there was nothing wrong with it and that it did not need to be embalmed, he testified:

"A I didn't say that. I couldn't say its not necessary to be embalmed. I couldn't say that.

Q Did it need to be embalmed?

A Any dead human body needs to be embalmed."

■ It is therefore our holding that even if no express agreement to keep the body in a certain condition was shown, there was sufficient evidence to establish an implied common-law duty to do so.

We also hold that there was ample evidence to support the jury's findings of breaches by Clark of that duty in failing to redeliver the body in suitable condition, in failing to use any preservative fluids, in failing to maintain the body at such temperature as was necessary to preserve it, and in failing to inform Willie Morris as to what steps were necessary for preserving the body, all of which failures were found by the jury, upon sufficient evidence, to be negligence and a proximate cause of appellees' injuries.

The jury rejected Clark's theory that the damage to Mrs. Smith's body occurred after it left his funeral home and while it was at the McGowan Funeral Home, as well as his position that he was told by Morris not to embalm the body. There was evidence both ways, and the jury chose to believe plaintiffs' witnesses, which they had a right to do.

By his twelfth point of error Clark says the trial court erred in submitting Special Issue No. 19, which inquired whether he or his agents or employees failed to inform Willie Morris as to what steps were proper for preserving the body of Mrs. Smith, because it informed the jury that Clark was under a duty to give Morris that information and that the failure to give it could constitute negligence. In his Point 13 he asserts that the findings in answer to Issues 19, 20 and 21 are so against the great weight and preponderance of the evidence as to be manifestly unjust and wrong.

■ We overrule both of these points. Under the circumstances of this case the inquiry was in our opinion proper. From plaintiffs' standpoint, if Clark did not intend to take any steps toward preserving the body, at least he was under a duty to inform plaintiffs what they should do to prevent the decomposition; and under the circumstances of this case the failure to inform could be negligence and a proximate cause. The jury so found on conflicting evidence. The findings were not against the weight and preponderance of the evidence.

■ By his Point 14 Clark says it was error to overrule his motion for new trial "for the reason that the finding of the jury [in response to issue 23] that Appellee, Willie A. Morris, in behalf of Appellees did not request the agents and employees of Appellant to not embalm the body * * * is immaterial and should be disregarded." This point is overruled for two reasons. First, the alleged immateriality of the finding was not included as a ground in Clark's motion for new trial and therefore nothing is preserved for review. Tex.R.Civ.P. 324. Second, the point is without merit. One of Clark's defenses was that Morris, acting for all the plaintiffs, had specifically instructed him not to embalm the body. Issue 23˙ was therefore a defensive issue and if the finding were disregarded as immaterial, as Clark now says it should be, the outcome of the case would not be affected. Tex.R.Civ.P. 434. As stated before, there was positive testimony that no such request was made by Morris. The finding was not against the weight and preponderance of the evidence.

This brings us to a consideration of the matter of damages awarded by the jury. By his seventeenth point of error on appeal Clark says the award of $6,000 to each of the children of Mrs. Smith was excessive. We have examined the evidence pertaining to this feature of the case, and find that there is testimony that these people were emotionally distressed, shocked and revolted by the appearance of their mother's body, that some of them became inattentive to their work, could not sleep and lost their appetite, that some had nightmarish dreams of the mother's distorted face and body, and that three of the four lost some time from their work, ranging from five days to approximately two weeks. There was no evidence of any permanent physical or emotional or mental damage to any of them.

It is the function of the jury to determine the amount of damages, and there is no formula or pattern for measuring such damages. This court is given authority to control and reduce the amount by Tex.R.Civ.P. 440 if in the exercise of our sound judicial judgment and discretion we find the award to be excessive. Texaco, Inc. v. Forester, 456 S.W.2d 196, 201 (Tex.Civ.App., Beaumont 1970, writ ref'd n. r. e.). We should not disturb the jury's award "unless it is irrational or so excessive as to shock the conscience of the court." Bill Hendrix Auto Parts v. Blackburn, 433 S.W.2d 237, 241 (Tex.Civ.App., Houston 14th Dist.1968, no writ). In this case the excessiveness of the verdict shocks this court's conscience and sense of justice. Under the circumstances revealed by the record before us $2,500 would be reasonable compensation for the injuries of each of Mrs. Smith's four children. Accordingly, we suggest a remittitur of $3,500 by each of them. It must be remembered that we are here considering compensatory, not punitive, damages.

Plaintiffs' second counterpoint complains of that part of the judgment which disregarded the award of $500 exemplary damages to each of them. We find in this record no evidence of malice or of conscious indifference to the rights of the plaintiffs, and therefore no basis for the awarding of exemplary damages. We affirm that part of the judgment which denies recovery of punitive damages.

Plaintiffs have filed two cross-points. The first complains of the action of the trial court in disregarding that part of the answer to Special Issue No. 28 which awarded $6,000 of actual damages to the surviving husband Eddie Roy Smith. Tex.R.Civ.P. 301 authorizes the court to disregard a jury finding only when it has no support in the evidence. While the evidence of damages suffered by Eddie Roy Smith is not strong, yet it must be considered in a light most favorable to him and every reasonable intendment deducible from the evidence must be indulged in his favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 550 (1962); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952). Smith did not testify but there was testimony by the children of the deceased that their stepfather was visibly affected on learning what had happened to the body of his deceased wife, causing him to cry frequently and to have excessive nose bleeds; in short, there was some evidence that Smith suffered some degree of mental anguish, and possibly some physical damage, resulting from Clark's negligent handling of his deceased wife's body.

Moreover, the motion for judgment notwithstanding the verdict, which contained the motion to disregard, did not even state that there was no evidence to support the award of actual damages to Eddie Roy Smith. Therefore, that part of the judgment which disregards the jury's award of $6,000 to him is reversed. We cannot reverse and render judgment against Clark for the $6,000 awarded to Smith because Clark would then be deprived of the opportunity to contend that the award was excessive. We also think it would be improper for us to remand the entire case for a new trial and subject the parties on both

sides to the considerable expense and inconvenience of retrying the entire case because of this one error occurring after the evidence was closed. It is not necessary that we do so. Therefore, this part of the judgment is severed from the remainder of the case and is reversed and remanded in order that the trial court may determine the kind and character of judgment it will enter as between Eddie Roy Smith and Clark, as though no judgment had been entered thereon. The trial court will then follow the procedure outlined in our opinion in Reed v. Enright, 488 S.W.2d 596, 599 (Tex.Civ.App., Dallas 1972, no writ).

If either of the appellees, Willie A. Morris, Bobbie LaVon Bluitt, Jimmie Lee Hunter and Nellie Jo Baker, shall file in this court, within fifteen days from the date of this opinion and judgment, a remittitur of $3,500, the judgment of the trial court as to such appellee will be reformed and affirmed for the sum of $2,500. If such remittitur is not so filed, the judgment in favor of each said appellee not filing the remittitur will be severed and reversed and remanded for a new trial.

Affirmed in part and reversed in part with instructions. Costs taxed against appellees.

## SUPPLEMENTAL OPINION

Each of the appellees, Willie A. Morris, Bobbie LaVon Bluitt, Jimmie Lee Hunter and Nellie Jo Baker, has timely filed a remittitur in writing of $3,500, as suggested in our original opinion. The judgment of the trial court as to each of said appellees is reformed and affirmed for the sum of $2,500.

Appellant's motion for rehearing is overruled.

## On *Appellees' Motion To Retax Costs*

Appellees in their motion to retax the costs remind us of Tex.R.Civ.P. 139, as follows:

"When a case is appealed, if the judgment of the higher court be against the appellant, but for less amount than the original judgment, such party shall recover the costs of the higher court but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below, the adverse party shall recover the costs of both courts. If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such party shall recover the costs of both courts; if the judgment be in his favor, but for the same or a less amount than in the court below, he shall recover costs of the court below, and pay the costs of the court above."

As the judgment of this court is against appellant, C. J. Clark, Individually and d/b/a Black and Clark Funeral Home, in favor of Willie A. Morris, Bobbie LaVon Bluitt, Jimmie Lee Hunter and Nellie Jo Baker, "but for less amount than the original judgment," appellant shall recover four-fifths, or eighty percent (80%), of his costs in this court against the same named appellees, but appellant is adjudged to pay the remaining one-fifth, or twenty percent, of the costs in this court and all costs of the district court. The cross-appellant Eddie Roy Smith shall recover of appellant his costs in this court as well as in the district court.