SOUTHERN ROOFING AND SHEET METAL COMPANY, Appellant,

v.

PARAMOUNT CONSTRUCTION COMPANY, INC., et al., Appellees.

No. 976.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 10, 1974.

Rehearing Denied July 31, 1974.

John F. Schaffer, Will Gray, Houston, for appellant.

Danny R. Edwards, Lowell T. Cage, Law Offices of Chilton Bryan, Houston, William H. Young, Fulbright & Crooker, Allen J. Daggett, Young, Young & Daggett, Houston, for appellees.

TUNKS, Chief Justice.

This is an indemnity action.

In September of 1969 Dwight Ken Nishimura contracted with Paramount Contracting, Inc., for the construction of a building to be leased to San Lorenzo Nursery Company of Texas, Inc. (The builder is designated in this record by various names, Paramount Construction Company, Inc., Paramount Construction, Inc., and Paramount Contracting, Inc. It will be called "Paramount," in this opinion.) San Lorenzo intended to use the building as a wholesale floral warehouse and showroom. On March 18, 1970, the roofing work was subcontracted by Paramount to Southern Roofing and Sheetmetal Company. Although San Lorenzo occupied the building in May of 1970, construction was not substantially completed until August of 1970. During the summer of 1970, the roof leaked several times after heavy rains. Each time San Lorenzo notified Nishimura (actually, Nishimura was employed by San Lorenzo as general manager until August of 1970) of the leaks, and Nishimura notified Paramount. Apparently, Southern attempted to repair the roof on several occasions. Finally, on October 23, 1970, a major leak developed which caused approximately $3000 in damages to merchandise belonging to San Lorenzo.

San Lorenzo brought suit against Nishimura, Paramount, and Southern for the water damage to its merchandise. In its petition, San Lorenzo complained that Nishimura breached a contract to keep the roof of the building in repair and that Nishimura was negligent in failing to put

the roof in good repair. San Lorenzo also claimed that it was a third party beneficiary to warranties given by Paramount and Southern. Finally, San Lorenzo plead that Paramount and Southern were negligent. Nishimura filed a third party action for indemnity against Paramount on the basis of a warranty of materials and workmanship on the building, and Paramount filed a third party action for indemnity against Southern. The trial was before a jury. Judgment was entered that San Lorenzo recover its damages from Nishimura, that Paramount indemnify Nishimura, and that Southern Indemnify Paramount. Southern appeals.

■ Nishimura did not appeal from the judgment against him and in favor of San Lorenzo. He filed a brief as appellee and in it he stated what we consider as a cross-point questioning the propriety of the judgment against him. Because of his failure to perfect appeal from such judgment, it has become final, and he has no standing to challenge it on this appeal by Southern. Shell Petroleum Corp. v. Royal Petroleum Corp., 135 Tex. 12, 137 S.W.2d 753 (Tex. Comm'n App. 1940, opinion adopted); Vector Corp. v. First State B. & T. Co. of Port Lavaca, 430 S.W.2d 536 (Tex.Civ.App.—Waco 1968, writ ref'd n.r. e.); Rutledge v. Evans, 219 S.W. 218 (Tex.Civ.App.—San Antonio 1920, writ dism'd sub nom.); Izaguirre v. Evans, 249 S.W. 187 (Tex. Comm'n App. 1923, holding adopted).

Southern followed the necessary steps to perfect appeal: filing a motion for new trial, giving timely notice of appeal, and timely filing an appeal bond and the record in this Court. The appeal bond filed by Southern named Paramount as the only appellee and payee. Paramount has not filed any brief in this Court. Under the status of the record before us, the only issue to be decided is the propriety of the judgment awarding Paramount indemnity from Southern.

■ The appellant's brief presents two points of error. The first one is worded: "The court erred in failing to enter judgment against Dwight Ken Nishimura in accordance with the answers to special issues one through five." We are at a loss as to appellant's meaning by that point of error. The trial court did render judgment against Nishimura. San Lorenzo was adjudged recovery of its damages from Nishimura. If the appellant means by this point that the trial court should have rendered judgment against Nishimura on his cross-action against Paramount for indemnity, then such point is not properly presented to us because it is not germane to any assignment of error in Southern's motion for new trial. Clark v. Smith, 494 S.W.2d 192 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.); Texas Rules of Civil Procedure 418(b). Appellant's first point of error is overruled.

In its third party action for indemnity against Southern, Paramount alleged:

Third Party Plaintiff would show that all of the work done in connection with such construction as to the roof of same was done by the Third Party Defendant, Southern Roofing Company, and that such Party or Company guaranteed that all work would be free of defects as to materials or workmanship and that such would be done in a good and workmanlike manner and accordingly, if water entered the building as alleged previously on October 23, 1970, causing damages to Parties, then such water must have entered the building as a result of defects in the materials and/or workmanship done by Southern Roofing Company and guaranteed by such company to be in a good and workmanlike manner and likewise, if any damages were sustained by any Party as a result of same, then Southern Roofing Company is responsible for any damages that the Court or Jury might find has been sustained.

On this allegation Paramount sought the judgment against Southern for indemnity.

In response to special issues relating to Paramount's cause of action against Southern, the jury answered as follows:

Special Issue 12: The jury failed to find that Southern did not construct the roof in accordance with the plans and specifications furnished by the architects.

Special Issues 13 and 14: Predicated negligence and proximate cause issues were not answered.

Special Issue 15: Southern failed to repair the roof in such a manner as to stop the water leakage which did the damage.

Special Issue 16: The jury failed to find that such failure was negligence.

Special Issue 17: A predicated proximate cause issue was not answered.

Special Issue 18: Southern warranted its roofing work to Paramount.

■ Those were the only issues submitted by the court relative to Paramount's suit against Southern. The answers in response to special issues 12 and 16 exonerate Southern from liability on the theories covered by those issues. If Southern is to be held liable at all it must be by virtue of the jury's answer to special issue 18—that Southern warranted its roofing work to Paramount. That issue, standing alone, is not a sufficient basis for imposing liability on Southern. There is no issue as to the terms of the warranty, as to the breach thereof, or that such breach caused the damage suffered by San Lorenzo. There was no request for such additional issues and no objection to the charge because of the absence of such issues. There then arises the question as to whether there may be deemed findings by the trial court as to the omitted issues which will support the judgment against Southern, under Tex.R. Civ.P. 279.

The jury's answer to special issue 12, wherein it failed to find that Southern did not construct the roof in accordance with the plans and specifications, precludes any deemed findings of any breach of warranty in that respect. Those plans and specifications include a detailed listing of the materials to be used. There remains only the possible breach of a warranty that the roof be constructed by good workmanship.

■ A finding in support of a judgment will be deemed only if the evidence supports such finding. Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410 (1954). In this case the only evidence that tends to support a finding that the roof was constructed by Southern with poor workmanship was the fact that the roof leaked. This fact, standing alone, does not constitute evidence of fault on the part of Southern in constructing the roof. Texas Sling Company v. Emanuel, 431 S.W.2d 538 (Tex.Sup.1968). There is no evidence of any particular failure on the part of Southern, which could be found by the jury to constitute poor workmanship. On the other hand, there was testimony that the plans and specifications for the building were faulty because they permitted the building to shift, thereby causing the roof to leak, and because the downspouts from the roof were so designed as to cause water to stand on the roof.

The case of Sands Motel v. Hargrave, 358 S.W.2d 670 (Tex.Civ.App.—Texarkana 1962, writ ref'd n.r.e.), involved a fact situation quite similar to that involved here. In that case the owner of a building sued a contractor who had agreed to install plumbing and heating equipment in accordance with plans and specifications. The jury found that the contractor did not install the plumbing in a workmanlike manner, but also found that he performed the contract in accordance with the plans and specifications. The court held that the contractor was not liable. The character of the workmanship required of the contractor was restricted by the plans and specifications to be followed by him in the performance of the contract.

■ Neither the findings made by the jury nor any deemed finding that could be

made by the court sustains the judgment that Southern Indemnify Paramount. That portion of the trial court's judgment is reversed, and judgment is here rendered that Paramount take nothing by its cross-action against Southern. In all other respects the judgment of the trial court is affirmed.