Claretto MARINO, Appellant,

v.

**VIGILANT INSURANCE COMPANY,**
Appellee.

No. 1148.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 14, 1975.

James B. Davis, Davis, Patchen & Hagerty, Houston, for appellant.

Stephen C. Dillard, Fulbright & Jaworski, Houston, for appellee.

CURTISS BROWN, Justice.

This is a workmen's compensation case in which the appellant Claretta Marino (appellant or Marino) was the claimant and Vigilant Insurance Company (appellee or Vigilant) was the compensation carrier.

Appellant admittedly received a compensable injury March 16, 1973, resulting in a hernia. The focus of the dispute in the trial court and here is on the question of whether appellant also sustained a back injury. Trial was to a jury. The verdict in answer to special issue number one was that appellant had not sustained an accidental injury to her back on the occasion in question. In answer to special issue number four the jury found that the disability of Mrs. Marino was solely caused by the hernia. Other findings were made by the jury which are not material to this appeal.

Appellant attacks the factual and legal sufficiency of the evidence to support the findings to special issues numbers one and four. She also complains of the submission of special issue number four contending that it was an inferential rebuttal issue that should not have been submitted under Rules of Civil Procedure, rule 277 as amended. These contentions are presented to us through six points of error.

With all due respect to appellant, her contentions that there was no evidence to support the adverse findings are patently without merit. Her contention that the evidence is factually insufficient to support the verdict requires us to review the entire record. Appellant unfortunately worded her "great weight" points in such a manner as to bring into question whether factual insufficiency is properly presented. We have reached the conclusion that the clear thrust of appellant's points is directed to the action of the trial court in overruling her motion for new trial and hence we will consider these points adequate to invoke our fact-finding jurisdiction.

Appellant testified that she injured her back on the same occasion that she sustained the hernia. She reported the back injury to her fellow employees and to her supervisors. She was taken to Dr. J. J. Waller, Jr. and she testified that she advised him of her back injury. According to appellant, she complained of her back condition while in the Heights Hospital for her hernia operation. She presented the evidence of Dr. James Albert Brown who

diagnosed a herniated disc in the lumbar area. He testified that in his opinion the accident in question was a producing cause of the ruptured disc. Mrs. Marino points out that the defendant's medical expert, Dr. William P. Price, diagnosed a soft tissue strain of the lower lumbar region of her back.

On the other hand, appellee presented the evidence of appellant's foreman that she had made no mention of a back injury to him. Dr. Waller testified that he had procured and recorded all complaints of pain related to him by appellant. His records contained no notation that she complained of any back pain on the date of her accidental injury. He diagnosed a right side femoral hernia. She returned to work following Dr. Waller's examination until she was admitted to the hospital for repair of the hernia. During this period of employment she did not complain of back trouble. Upon admission to Heights Hospital, the admission sheet does not reflect any complaint of back pain. There was one complaint of back pain recorded in the nurse's notes on the day following her surgery. During his follow-up care of the appellant after her hospitalization, Dr. Waller recorded no back complaints. Dr. Price, appellee's orthopedic expert, although finding a soft tissue strain at the time he examined Mrs. Marino, testified that he could not state that it was a result of the lifting incident. His testimony was that it could have resulted from injury, disease or posture. Vigilant had obtained a statement from appellant after her injury. In this statement taken May 16, 1973, she stated that she had "no back ailments," and detailed the on-the-job injury causing her hernia. While appellant with some force and reason, attacks the fairness of the means used to procure this written statement, it is nevertheless impeaching of her claimed back injury.

This record presents a typical case for the resolution of factual disputes by the jury. Under appellant's evidence the jury could have found total and permanent disability. Under appellee's evidence the jury could and did find that she sustained no injury other than a hernia. We have reviewed the evidence under appropriate standards and cannot find that the answers of the jury to issues number one and four were against the great weight and overwhelming preponderance of the evidence.

Appellant is correct in her contention that special issue number four should not have been submitted since it is an inferential rebuttal issue. Rule 277, Tex.R.Civ.P., as amended states: "Inferential rebuttal issues shall not be submitted." *See* Gulf Insurance Company v. Hodges, 513 S.W.2d 267 (Tex.Civ.App.—Amarillo 1974, no writ); Texas Employers Insurance Ass'n v. Mitchusson, 515 S.W.2d 168 (Tex.Civ.App.—Eastland 1974, no writ). However, appellant has not properly preserved this point for review. She did not object to the submission of special issue number four on the ground that it was an inferential rebuttal issue. Texas Employers' Insurance Ass'n v. Neuman, 379 S.W.2d 295 (Tex.Sup.1964). Even more fatally, she failed to incorporate this contention as an assignment of error in her motion for new trial. Tex.R.Civ.P. 320, 324, 325. Southern Roofing and Sheet Metal Company v. Paramount Construction Company, Inc., 512 S.W.2d 781, 783 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.).

Finding no merit in this appeal and having considered and overruled all of appellant's points of error, this case should be, and is hereby, affirmed.

Affirmed.