**JIM WALTER HOMES, INC.,**
Appellants,

v.

**Elijio J. MORA and wife, Elvira R. Mora, Appellees.**

No. 1766.

Court of Appeals of Texas, Corpus Christi.

Sept. 24, 1981.

Rehearing Denied Oct. 15, 1981.

Charles C. Murray, Atlas & Hall, McAllen, for appellants.

Ted Roberts, Meredith & Donnell, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is an action brought by appellees, Eligio J. Mora and wife, Elvira R. Mora, against appellant Jim Walter Homes, Inc., for alleged violations of the Texas Consumer Credit Code[1] and for treble damages under the Deceptive Trade Practices and Consumer Protection Act.[2]

The Deceptive Trade Practices cause of action was submitted to a jury and the alleged Credit Code violations were tried to

---

1. Tex.Rev.Stat.Ann. art. 5069–1.01 *et seq.* (Vernon 1971).

2. Tex.Bus. & Comm. Code Ann. § 17.41 *et seq.* (Vernon Supp. 1980–1981).

the court, using the same evidence that was submitted to the jury. The jury found violations under the Deceptive Trade Practices Act, and the court found a violation under the Credit Code. Judgment was entered accordingly. Jim Walter Homes, Inc., appeals.

On February 5, 1974, plaintiffs entered into a contract with a representative of defendant corporation. The contract provided for the defendant to construct a new house on plaintiffs' unencumbered property in Nueces County, Texas. During the construction of the house, plaintiffs complained about the floor buckling, but were told by defendant's representative that that was the way they constructed all of their homes and it was in actual compliance with the City Code.

Plaintiffs moved into the house in June of 1974. Approximately four to six months later, the back steps of the house fell and the nails started coming out of the walls. Plaintiffs also noticed other construction defects, such as floors cracking, doors not shutting properly and the outside siding buckling.

In December of 1974, plaintiffs called defendant's representative, a Mr. Lopez, to complain about the defects. Lopez informed plaintiffs that he had nothing to do with the house any longer and that plaintiffs should contact a Mr. Morales, the construction supervisor for Jim Walter Homes, Inc. Plaintiffs attempted several times to contact Morales, but were unsuccessful until the early part of 1976. On this occasion, Morales promised to check out the siding problem. However, nothing was done for over a year until June or July of 1977, when Morales came to the house and replaced some of the siding around the front porch. Plaintiff testified that he complained only about the siding because he was relying on Lopez' representation that there was only a 90-day warranty on everything but the siding and the roof.

After the defendant corporation did not successfully correct the siding and other construction defects, plaintiffs consulted their attorney and subsequently filed suit.

Defendant, in its first point of error, contends the Credit Code cause of action is barred by the statute of limitations. Plaintiffs argue, however, that the defendant is barred from asserting the limitations defense because of equitable estoppel and/or fraudulent concealment to them. Defendant contends that there was either no evidence or insufficient evidence to allow the plaintiffs to avoid the statute of limitations.

Causes of action under the Credit Code are controlled by Art. 5069–8.04, Tex.Rev. Civ.Stat.Ann. (Vernon Supp. 1980–1981), which provides as follows:

"... such actions may be brought within four years from the date of the loan or retail installment transaction or within two years from the date of the occurrence of the violation, whichever is later...."

This lawsuit was admittedly filed over five years after the date of the loan or retail sales agreement, which was also the date of the violation. This is clearly outside the permissible time limits provided for in the Credit Code. Upon asserting the limitations defense, plaintiffs' claim would ordinarily be denied unless there are grounds for avoiding the statute of limitations.

A party may be estopped to assert the defense of limitations if his (or his agent's or representative's) statements or conduct induced the plaintiff to refrain from commencing his suit within the applicable time period. *Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Fraudulent concealment of a cause of action by a defendant will also avoid the bar of the statute of limitations. 37 Tex.Jur.2d *Limitations of Actions,* § 76 (1962). Sometimes, an estoppel will arise as effectively from silence, where there is a duty to speak, as from words spoken. *Smith v. National Resort Communities, Inc.,* 585 S.W.2d 655, 658 (Tex.1979). In any case, plaintiff's failure to file his lawsuit in a timely manner must be reasonable, not the product of his own negligence or lack of due diligence. *Long v. Smith,* 466 S.W.2d 32, 36 (Tex.Civ.App.— Corpus Christi 1971, writ ref'd n.r.e.); 37 Tex.Jur.2d, *supra,* p. 213. Asserting fraud

in the defense of the limitation statute, such defense must be based on a false statement of material fact, made to be acted on, actually believed and acted on, with consequential injury to the plaintiff. *Long v. Smith*, supra, at 36.

■ In order to determine whether plaintiffs' cause of action was not barred by limitations, we must look to the evidence in the record. Where, as here, no findings of fact or conclusions of law are requested or filed, it will be implied that the trial court made all the necessary findings to support its judgment. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980). The implied findings to support plaintiffs' avoidance of the limitations statute are attacked by defendant on both no-evidence and insufficient-evidence points.

■ In determining whether there is any evidence to support the judgment, the appellate court must consider only that evidence that is most favorable to the issue, disregarding all contrary evidence thereto. *Renfro Drug Company v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). In determining whether the evidence is insufficient to support the findings, we must consider all the evidence, including any evidence contrary to the trial court's judgment. *In Re King's Estate*, supra; see also, *Burnett v. Motyka*, supra at 636.

■ The evidence, when reviewed by us in accord with the stated guidelines, shows that the contract which forms the basis of this lawsuit was improperly designated by defendant as a "Building Contract", rather than a "Retail Installment Contract", as required by the Credit Code. Plaintiffs' uncontroverted testimony reflects that defendant failed to provide them with a copy of the "Mechanic's Lien Contract." This was a violation of defendant's statutory duty under the Credit Code. Further, there is undisputed evidence that an agent of defendant misled the plaintiffs as to defendant's warranties on the construction and plaintiffs' rights thereunder. There

was ample testimony regarding alleged unfulfilled promises and delay by an agent of defendant in servicing the few complaints plaintiffs made about defects in the house.

The record clearly shows that plaintiffs relied on defendant's agent's promise to "take care of everything" concerning the agreement, including its agreement to provide plaintiffs with copies of all required documents. Plaintiffs testified they relied completely upon representations of defendant's agent concerning their warranty rights (a limited warranty of 90 days except for siding and roof), and that such representations caused them to refrain from complaining as their house deteriorated around them.

The record reflects that the plaintiffs were unsophisticated and had a limited education. The testimony concerning plaintiffs' contacts with the various agents of defendant, both during and after construction, indicated diligence on the part of plaintiffs. The jury found that plaintiffs' reliance on the warranty representations of defendant's agent was reasonable.

After careful review of this record, we find that the evidence is both legally and factually sufficient to support the trial court's implied findings of all of the elements necessary for equitable estoppel. Defendant's points of error one and two are overruled.

Next we turn to the cause of action under the Deceptive Trade Practices Act. The jury found, inter alia, the following: that defendant warranted that plaintiffs' house would conform to the plans and specifications of an Oxford model home (with added porch); that such home would conform to the City Building Code; and that the home would be built in a good and workmanlike manner. The jury further found: that the defendant breached said warranties; that defendant's warranties and breaches constituted a false, misleading or deceptive act; that the cost of repair necessary to place the house in the condition in which it should have been was $4,070.00; and that repairing the house would not result in unreasonable economic

waste. The jury also found the decrease in the market value of the house was $3,000.00 The trial court entered judgment based on the remedial cost of the house.

Defendant first contends the trial court erred in granting a judgment under the Deceptive Trade Practices Act because there is either no evidence or insufficient evidence to support the jury's findings that plaintiffs: 1) relied on the representations of defendant; 2) that they were adversely affected by the acts of defendants; or 3) that the defendant was guilty of intentional or knowing misconduct.

■ Plaintiffs testified that they relied upon the representations of defendant's agents regarding their warranty rights. This testimony was not contradicted. Plaintiffs also testified they did not receive a copy of the lien contract which contained defendant's warranty (that the house would be constructed in a good, substantial and workmanlike manner). There is ample evidence from experts as to the "adverse effects" suffered by plaintiffs as a result of defendant's misconduct. Applying the standards set forth for no-evidence and insufficient-evidence points, defendant's points of error four and five are overruled. *In Re King's Estate*, supra.

■ Defendant's complaint of the sufficiency of the evidence to support a finding that defendant was guilty of intentional or knowing misconduct is also without merit. In *Jim Walter Homes, Inc. v. Chapa*, 614 S.W.2d 838 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.), this Court held that misrepresentations of the type involved here are sufficient to be a violation of the Deceptive Trade Practices Act, Section 17.-46(b)(7). This section provides:

"(b) The term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:

\* \* \* \* \* \*

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another . . . ."

This section does not require intent or knowledge before a violation may be found. See: *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex.1980).

In points of error seven and eight, defendant again contends in essence that the judgment of the trial court cannot be sustained under § 17.46(b)(7) above set out. Having held that the judgment of the trial court can be sustained under this section, we find these points also without merit. See: *Pennington v. Singleton*, 606 S.W.2d 682 (Tex.1980); *Jim Walter Homes, Inc. v. Chapa*, supra. See also: *Smith v. Baldwin*, supra.

Defendant argues next that judgment is not sustainable under the Deceptive Trade Practices Act because plaintiffs were not "consumers" as that term was defined by the statute in effect at the time the cause of action arose, and therefore, plaintiffs lacked standing to sue under the act.

"Consumer" is defined as one who seeks or acquires goods or services. Tex.Bus. & Comm.Code Ann. § 17.45(4) (Vernon Supp. 1980–81). The act in effect when plaintiffs contracted for the home with defendant defined "goods" as "tangible chattels bought for use," and "services" as "work, labor, and services for other than commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* § 17.45(1), (2).

■ Defendant argues that plaintiffs, by contracting to have a house built on their property, were contracting only for the finished product, which, when attached to the land, would be realty, and thus would not include the applicable definitions of "goods" or "services."

In *Woods v. Littleton*, 554 S.W.2d 662, 664 (Tex.1977), the Supreme Court held that purchasers of a house and lot on which a warranty was given were in fact "consumers" of "services" under the same version of the Deceptive Trade Practices Act which was in effect when the instant action arose. See also: *Holifield v. Coronado Building, Inc.*, 594 S.W.2d 214 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). De-

fendant's eleventh point of error is overruled.

Next we turn to the damage complaints. Defendant contends that the trial court applied an incorrect measure of damages to the Deceptive Trade Practices Act judgment.

"Actual damages," under the Deceptive Trade Practices Act are damages recoverable at common law. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931 (Tex.1980). In construction contract cases, where the contractor breaches because of defective construction, Texas courts allow damages based on cost of repair, if repair is feasible and does not involve unreasonable economic waste. *Greene v. Bearden Enterprises, Inc.*, 598 S.W.2d 649, 652 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). See Restatement of Contracts, Section 346 (1932). Where the correction of defects would require that the structure, in whole or in material part, be changed, or the expense of such repair would be great, the correct measure of damages is the difference in the value of the structure as constructed and its value had it been constructed without defects. *Hutson v. Chambless*, 157 Tex. 193, 195, 300 S.W.2d 943, 945 (Tex.1957). Where the correction of defects and deviations would not impair the structure as a whole, the remedial cost is an appropriate measure of damages. *Rogowicz v. Taylor & Gray, Inc.*, 498 S.W.2d 352 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.).

The jury, in response to special issue number 3, found that the expenditure of $4,070.00 in repairs would not result in unreasonable economic waste. The record reflects that correction of the defects was feasible without impairing the structure or incurring unreasonable expense. Defendant's ninth and tenth points of error are overruled.

Defendant also contends the trial court erred in granting plaintiffs a judgment for treble damages because the jury found in connection with special issue number 9 that defendant was not given a reasonable opportunity to cure the defects before suit was brought. Defendant seeks to avail itself of an amendment to the Deceptive Trade Practices Act which provides that, in actions for breach of warranty under § 17.50(a)(2), recovery is limited to actual damages only if no reasonable opportunity to cure is given. Tex.Bus. & Comm. Code § 17.50A (Vernon Supp. 1980–81). This requirement is not applicable to recoveries under § 17.46(b) as is supported herein. We must overrule the defendant's third point of error.

Defendant finally argues that the trial court erred in permitting recovery of both treble damages under the Deceptive Trade Practices Act and the statutory penalty under the Credit Code. Defendant reasons that the judgments violate the prohibition against double recovery of punitive damages.

The Deceptive Trade Practices Act specifically provides:

"The provisions of this subchapter are not exclusive. The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law...."

Tex.Bus. & Comm. Code Ann. § 17.43 (Vernon Supp. 1980–1981).

The statutory remedies set forth in the Deceptive Trade Practices Act and the Credit Code are not inconsistent or in conflict with one another. The plaintiffs are entitled to recover under each for the separate violations found in the trial court. See *Jack Criswell Lincoln-Mercury, Inc. v. Haith*, 590 S.W.2d 616, 620 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Defendant's twelfth point of error is overruled.

The judgment of the trial court is affirmed.