Juan & Martha DE LOS SANTOS, Appellants,

v.

ALAMO LUMBER COMPANY, Appellee.

No. 04–83–00147–CV.

Court of Appeals of Texas, San Antonio.

Nov. 28, 1984.

**50**

B. Mills Latham, Latham & Patterson, Corpus Christi, for appellants.

Emerson Banack, Jr., Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is a deceptive trade practices act suit brought by Juan and Martha De Los Santos, the buyers of a house, against Alamo Lumber Company (Alamo), the builder and seller of the house, for breach of implied and express warranties and for false representations allegedly made by Alamo arising out of the sale of the house. After a jury verdict favorable to the buyers, a judgment notwithstanding the verdict was entered that the buyers take nothing. The buyers have appealed from that judgment, and Alamo has filed cross-points. We reverse and render.

The buyer's home is in Karnes County, Texas. They purchased the home from Alamo for $17,600.00 on September 26, 1974. Shortly after moving into the house the buyers began to experience problems with the plumbing and with windows and doors that would stick and leak. Cracks in the sheetrock and the brick veneer were also noted. The buyers contacted Alamo about the problems, and Alamo sent repair people to work on the problems. Some apparently were corrected while others were not.

The house had been constructed on a sloping site. To provide a level base for the slab foundation, the builder cut out the soil at the top of the slope and used it to fill in at the bottom of the slope. According to expert testimony, the builder failed to properly compact the fill soil at the bottom of the slope which caused the foundation under that half of the house to settle and crack. This settling was, in turn, responsible for many of the incidental problems with the windows, doors, sheetrock and brick veneer. The buyers notified Alamo of the foundation problem, and Alamo attempted to repair it by jacking up the half of the foundation that had settled and pouring in a new footing underneath to support it. Alamo contends that this work corrected the foundation problem. The buyers testified that the house was in worse shape after the foundation work.

The case was tried to a jury. In answer to special issues, the jury found that Alamo represented that the house repair services were of a particular standard or quality when they were of another and that they had characteristics or benefits which they did not have, that Alamo had breached an express warranty, and that Alamo had breached an implied warranty by failing to construct the house in a good and workmanlike manner. The jury also found that these representations and breaches were producing causes of any adverse effects upon the buyers. The jury found that the reasonable cost, in Karnes County, of house repair services necessary to restore the home to the condition that it was represented to the buyers was $7,500.00. Alamo moved for a judgment notwithstanding the verdict which the trial court granted. A take nothing judgment in favor of Alamo was rendered.

The buyers argue in their first point of error that the trial court erred in granting the motion for judgment notwithstanding the verdict because there was some evidence to support the jury's finding that Alamo had breached the implied warranty

of construction in a good and workmanlike manner. *See Humber v. Morton,* 426 S.W.2d 554, 555 (Tex.1968). Alamo argues that the court ruled properly, and, in its cross-points, argues alternatively that there was no evidence or insufficient evidence to support the jury verdict.

In reviewing the grant of a judgment notwithstanding the verdict, we review the evidence in the light most favorable to the jury findings, considering only the evidence and inferences which support those findings and rejecting evidence and inferences contrary to those findings. *Miller v. Bock Laundry Machine Co.,* 568 S.W.2d 648, 650 (Tex.1978). We must overrule the action of the trial court if we determine that there is more than a scintilla of evidence upon which the jury could have made the findings. *Id.* at 649–50. Under this standard, we find more than a mere scintilla of evidence to support the finding that the house was not constructed in a good and workmanlike manner. The buyer's expert witness testified that the foundation settled due to the failure of the builder to properly compact the fill dirt that half of the house sat upon. There was testimony that many of the problems with the doors, window and walls were due to the settling of half of the foundation. *Cf. Holifield v. Coronado Building, Inc.,* 594 S.W.2d 214, 216 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Richman v. Watel,* 565 S.W.2d 101, 102 (Tex.Civ.App.—Waco), writ ref'd n.r.e. *per curiam,* 576 S.W.2d 779 (Tex.1978). The trial court therefore erred in granting Alamo's motion for judgment notwithstanding the verdict.

When a trial court has entered an erroneous judgment notwithstanding the verdict, the appellate court must reverse the trial court's judgment and enter judgment in harmony with the verdict, unless the appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent affirmance of the judgment had one been entered on the verdict. *Miller,* 568 S.W.2d at 652; TEX.R.CIV.P. 324(c). Alamo presents two cross-points under its reply to the buyer's first point of error. Alamo argues that there was no evidence of breach of the implied warranty since there was no evidence of what constituted good and workmanlike construction under the circumstances. Alamo further contends that there was insufficient evidence of the breach of the implied warranty.

In support of its cross-points, Alamo argues that evidence of the problems with the house, standing alone, does not constitute evidence of breach of a warranty of good workmanship or fault on the part of the builder. Alamo cites *Southern Roofing & Sheet Metal Co. v. Paramount Construction Co., Inc.,* 512 S.W.2d 781 (Tex. Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). That case involved a commercial building with a leaky roof. It is distinguishable in that there was no evidence of fault on the part of the contractor in constructing the roof. There was, however, evidence that the problem with the roof lay in inadequate plans and specifications. *Id.* at 784. As we have said, there was evidence in the case at bar that the foundation problems were due to the builder's failure to properly compact the fill soil under the part of the foundation that settled.

The other case cited by Alamo is *Texas Sling Co. v. Emanuel,* 431 S.W.2d 538 (Tex.1968). It involved the failure of a splice in a cable securing a crane. When the splice failed, the crane fell causing injury to the plaintiff. It is distinguishable in that, again, no fault on the part of the defendant was shown. In fact, the cause of the failure of the splice was never proved. *Id.* at 541.

We hold that there was evidence submitted to support the jury's finding on the breach of implied warranty. The evidence of the problems with the house did not stand alone. Rather the evidence connected Alamo's failure to properly compact the fill soil with the foundation and the other problems with the buyer's house. Furthermore, when considering all the evidence, as we must, we find sufficient evidence to support the jury finding. Even Alamo's expert witness noted the connection be-

tween the failure to compact the fill soil and the settling of the foundation.

We have thus found that, at least on the issue of the builder's liability, the granting of the judgment notwithstanding the verdict was in error. We deem it unnecessary to discuss the buyer's points concerning Alamo's breach of the express warranties allegedly involved in this case. The buyer's last point concerns the measure of damages. The jury found in its answer to special issue 12 that the reasonable cost of repair necessary to restore the house to the condition that it was represented to the buyers was $7,500.00. The only testimony with regard to the amount of damages came from two expert witnesses. The buyer's expert testified that the reasonable and necessary costs to repair the defects in the house were $22,500.00, while Alamo's expert testified that it would cost $650.00 to repair the house.

Alamo argues that the trial court's judgment was proper because there was no evidence or insufficient evidence of damages according to the proper measure, difference in value between the house as built and the house had it been constructed without the defects. Alamo further argues that the cost of repair proof was not supported by the pleadings.

■ The buyer's pleadings were not specific. They alleged that their house contained structural defects, defects in material, defective workmanship, and that the damage suffered by their home is irreparable. Alamo argues that this allegation of irreparability provided the basis only for proof in submission of the difference in value measure, but that the buyer's only proof was of cost of repair. The general rule in defective construction cases is that damages are based on cost of repair if repair is feasible and does not involve unreasonable economic waste. *Jim Walter Homes, Inc. v. Mora*, 622 S.W.2d 878, 883 (Tex.App.—Corpus Christi 1981, no writ). Where, however, the correction of the defects would require that the structure, in whole or in material part, be changed, or the expense of such repair would be great,

the correct measure of damages is the difference in the value of the structure as constructed and its value had it been constructed without defects. *Id.*

■ The buyer's expert testified that to repair the house the defective portion of the foundation would have to be removed and rebuilt which would necessitate the removal and rebuilding of the portion of the house that sat upon that part of the foundation. The total estimated cost of this procedure, according to the expert, would amount to $22,500.00, or nearly $5,000.00 more than the house's 1974 purchase price. This testimony, although perhaps supporting a conclusion that repair of the house was unfeasible, nevertheless was expressed in terms of cost of repair. Since the buyer's pleadings claimed irreparability, testimony on unfeasibility of repairs would speak to the difference in value method of computing the damages. However, no evidence was offered to show the value of the house as constructed with its claimed defects. The buyers were, therefore, not entitled to submission of an issue on the difference in the value of the structure as constructed and its value had it been constructed without defects.

■ Alamo, however, pleaded that the defects, if any, were repairable. Its expert witness testified that he considered the remedial work performed on the foundation in 1977 to have corrected the foundation problems, and that all that remained was to resquare the doors and windows, patch the cracks and repaint the interior. He testified that this repair work would cost $650.00. Having pleaded that the damage to the buyer's house was repairable, Alamo cannot complain of the insufficiency of the buyer's pleadings to support the submission of the cost of repair issue. The pleadings of both parties must be examined to determine whether there is support for the submission of a special issue. *Aetna Casualty & Surety Co. v. Harris*, 428 S.W.2d 112, 114 (Tex.Civ.App.—Beaumont 1968, no writ); *Mattiza v. Lachs*, 204 S.W.2d 848, 849 (Tex.Civ.App.—San Antonio 1947, no writ). Since Alamo's own expert witness

testified regarding the cost of repair of the house and since the buyer's witness expressed his opinion in terms of cost of repairs, albeit in terms of unfeasibility, the buyers were entitled to the benefit of the testimony of their witness as well as Alamo's expert witness. *Gulf C. & S.F. Ry. Co. v. Cusenberry,* 86 Tex. 525, 26 S.W. 43, 44 (1894); *Tate v. Johnson,* 140 S.W.2d 288, 292 (Tex.Civ.App.—Fort Worth 1940, writ dism'd judgmt. cor.). We thus hold that the pleadings were sufficient to support the submission of an issue on cost of repair and that there was evidence submitted of cost of repair.

■ Applying the standard of review requiring a survey of the evidence in the light most favorable to the jury findings, that is, considering only the evidence and inferences which support the findings and rejecting all evidence and inferences contrary to those findings we must conclude that there is more than a scintilla of evidence upon which the jury could have arrived at a damage award of $7,500.00. When we review, the entire record as we must, we do not agree that there was insufficient evidence to support the measure of damages issue submitted to the jury and its answer in response to the issue.

We sustain the buyer's first and last points of error and hold that the trial court fell into error when it granted the judgment notwithstanding the jury's verdict on both liability and damages. Alamo's cross-points are, accordingly, overruled.

Buyers purchased their house on September 26, 1974 and attempted to have the many problems corrected during the period extending through 1977. The lawsuit against Alamo was filed sometime in 1978.

Final attempt to make corrections occurred either in June or July of 1977 and the buyers were given assurances that all problems associated with the house had been cured.

In *Woods v. Littleton,* 554 S.W.2d 662, 666 (Tex.1977) the Texas Supreme Court held that the date the act or practice giving rise to the cause of action under the Deceptive Trade Practices Act, rather than the date of the sale, determines the applicability of the Act.

The Act in 1977, and prior to the 1979 and subsequent Amendments provided:

Sec. 17.50A  DAMAGES.  DEFENSES

In an action brought under Section 17.-50 of this subchapter actual damages only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant: ...

*See* S.B. No. 664 (Acts 1977, 65th Leg., p. 603, ch. 216, § 5, eff. May 23, 1977).

The original Act provided:

Sec. 17.50  Relief for Consumers

(b) In a suit filed under this section, each consumer who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended; ...

Acts 1973, 63rd Leg., p. 322, ch. 143, § 1, eff. May 21, 1973.

■ Although the final attempt to correct with assurances that the corrections had been made occurred subsequent to the effective date of the 1977 amendments, the majority of the acts and practices giving rise to the cause of action occurred during the period of time in which the act provided for trebling of actual damages.

In view of the Legislature's intent that the Act be liberally construed to promote its underlying purposes to protect consumers we agree with the buyers that they are entitled to a trebling of their actual damages. § 17.44; *Franklin v. State,* 631 S.W.2d 519, 521 (Tex.App.—El Paso 1982, no writ); *First Title Co. of Corpus Christi, Inc. v. Cook,* 625 S.W.2d 814 (Tex. App.—Fort Worth 1981, writ dism'd).

Inasmuch as the buyers have not complained on appeal of denial of attorney's fees and because the record reflects no effort to offer proof on reasonable attorney's fees, we find no reason to remand for a hearing on unliquidated attorney's fees. Instead we render the judgment that the

trial court should have rendered. TEX.R. CIV.P. 435.

The judgment of the trial court is reversed and judgment is here rendered in accordance with the jury verdict that Juan and Martha de los Santos shall recover of and from Alamo Lumber Company the sum of $7,500.00 as actual damages to be trebled; or the sum of $22,500.00 together with all costs of court and interest as provided by law.