William A. FRANKLIN, Individually and d/b/a Yarbrough Motors, Appellant,

v.

The STATE of Texas, Appellee.

No. 7082.

Court of Appeals of Texas, El Paso.

Jan. 13, 1982.

Rehearing Denied Feb. 10, 1982.

Havekost & Hedicke, Robert E. Hedicke, El Paso, for appellant.

Mark White, Atty. Gen., John W. Fainter, Jr., 1st Asst. Atty. Gen., Ted L. Hartley,

Executive Asst. Atty. Gen., Austin, David J. Ferrell, Asst. Atty. Gen., El Paso, Richard E. Gray, III Executive Asst. Atty. Gen., Michael L. Thornton, El Paso, Asst. Atty. Gen., Austin, Cassandra J. Church, Asst. Atty. Gen., El Paso, for appellee.

Before PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from an action brought by the State of Texas against a used car dealer, William Franklin, under the Deceptive Trade Practices-Consumer Protection Act, Sections 17.41, *et seq.*, Tex.Bus. & Com. Code Ann. (Supp.1982). Based on a jury verdict, judgment was entered permanently enjoining the Defendant from committing further violations, granting recovery to the victims for their losses, and imposing a civil penalty of $2,000.00. The question presented on appeal is whether the acts of the Defendant of selling automobiles without a certificate of title amounted to violations of the Deceptive Trade Practices Act. We affirm.

The State, in its pleadings, alleges that the Defendant had sold, traded or transferred motor vehicles to members of the consuming public without delivering a properly assigned certificate of title as required by the Certificate of Title Act, Article 6687–1, Sec. 27 *et seq.*, Tex.Rev.Civ.Stat.Ann. In addition to these general allegations, four specific instances of such sales without delivery of title are alleged in detail. In the Court's charge, the jury was asked to find as to each of such sales. A question was propounded to the jury asking if the Defendant represented to the buyer the title to the vehicle would be furnished later. If the jury made an affirmative answer to that question, they were then asked to find whether the failure of the Defendant to deliver title to the car was a deceptive trade practice as that term was defined in the Court's charge. The jury found in all four instances that the representation was made,

and that the failure of the Defendant to deliver title to the car was a deceptive trade practice.

The acts which are the subject of this suit occurred in 1976. Therefore, the law applicable is that prior to the 1979 Amendments of the Deceptive Trade Practices Act; Appellant mistakenly cites and relies on the 1979 amended version of Section 17.43.

This case was tried on the basis that the acts complained of were Section 17.46(a) violations which provides "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60 and 17.61 of this code." A violation of the Certificate of Title Act is not one of those things listed in the laundry list under Section 17.46(b). Nor does the Certificate of Title Act, by its own terms, specify that a violation of its terms is actionable under the Deceptive Trade Practices Act. Under the holdings of the Supreme Court of Texas in *Spradling v. Williams*, 566 S.W.2d 561 (Tex.1978), the question whether an act or practice brought under Section 17.46(a) is a deceptive trade practice is a question of fact. It was held that the proper method of trial was first a question of the jury to determine if the act or practice occurred and, if so, the second question to determine if the act or practice is a deceptive trade practice. That was done in this case. *See also: Prairie Cattle Co. v. Fletcher*, 610 S.W.2d 849 (Tex.Civ. App.—Amarillo 1980, no writ).

■ In the trial Court's charge to the jury, the term "deceptive trade practice" and the term "false, misleading or deceptive acts or practices" were defined within the guidelines established by the *Spradling* case. Appellant's representations to used car buyers that he would provide them with a properly assigned certificate of title and then failing to do so, clearly constitutes a false, misleading and deceptive course of conduct. The findings of the jury in that regard are not challenged on appeal.

Appellant argues that Section 17.-46(a) is a penal statute which must be strictly construed in favor of the Defendant, since the Court may impose a penalty upon the Defendant pursuant to Section 17.47(c) for a violation of Section 17.46(a). Appellant cites cases holding that statutes imposing penalties must be strictly construed and must not be construed to include anything beyond their letter even though within their spirit. Citing *Gordon v. Busick*, 203 S.W.2d 272 (Tex.Civ.App.—Galveston 1947, no writ); *Dugar v. State*, 538 S.W.2d 852 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). The proposition of law enunciated by those cases is sound but not applicable to this case because the legislature has placed language in the Act itself, specifying that it shall be given a liberal construction. Section 17.44 provides "This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty, and to provide efficient and economical procedure to secure such protection." Additionally, prior to the 1979 Amendments, the Act provided that in construing the terms false, misleading, or deceptive, the Court was to be guided to the extent possible by interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a)(1) of the Federal Trade Commission Act. The mandate for a liberal construction is the prerogative of the legislature. *Pennington v. Singleton*, 606 S.W.2d 682 (Tex.1980). The Act is to be liberally construed to promote its underlying purposes. *United Postage Corp. v. Kammeyer*, 581 S.W.2d 716 (Tex.Civ.App.—Dallas 1979, no writ).

The judgment of the trial Court is affirmed.