**LONE STAR FORD, INC., Appellant,**

v.

**John McGLASHAN & Teresa McGlashan, Appellees.**

No. 01–84–0026–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 13, 1984.

Rehearing Denied Nov. 21, 1984.

Mitchell J. Buchman, Eikenburg & Stiles, Elliott M. Cin, Eikenburg & Stiles, Houston, for appellant.

Tom L. Pettiette, Houston, for appellees.

Before DOYLE, DUGGAN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a judgment rendered in favor of appellees in their suit for damages based upon appellant's alleged deceptive trade practices. The case was tried to the court without a jury. Findings of fact and conclusions of law were filed. The trial court awarded appellees $26,452.04 for damages and $4,500 attorneys fees and court costs.

Appellees sued appellant for breach of contract and for violations of the Texas Deceptive Trade Practices Act (DTPA), Tex.Bus. & Com.Code Ann. sec. 17.41 et seq. (Vernon Supp.1980). The appellees purchased a 1979 Ford Thunderbird vehicle from appellant on December 13, 1979. The 1979 amendments to DTPA are therefore applicable. The appellees were unaware that the vehicle had a salvage title and that this title has never been transferred into their names. Appellees remained unaware of the status of the vehicle's title until two years after the sale, when they applied for a license for the vehicle. At this time, the State informed appellees that no license for the vehicle could be issued because a certificate of title was not issued in their name. Appellees initiated a suit against appellant for damages under D.T.P.A. and for breach of contract. Appellant brought a third-party action against Auto Products Inc.

The court found that appellant had violated sec. 17.46(b) of the DTPA and awarded appellees actual damages which were trebled under sec. 17.50(b)(1). Appellant raises twelve points of error on appeal.

In the first five points of error appellant contends that the trial court erred in finding that the appellant represented to appellees that appellant had good, clear, and marketable title to the automobile, and that such title would be transferred to appellees upon payment of the purchase price. Appellant maintains that there is no evidence, or alternatively, insufficient evidence that such a representation was made or that appellant "knowingly" sold appellees a car with a "salvage" title. Therefore, appellant argues that the trial court erred in finding that appellant violated secs. 17.-46(a); and 17.46(b)(2)(5), (7), and (19) of the DTPA.

These sections provide in pertinent part:
Sec. 17.46 Deceptive Trade Practices Unlawful

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(1) passing off goods or services as those of another;

(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

\* \* \* \* \* \*

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

\* \* \* \* \* \*

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

\* \* \* \* \* \*

(19) representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 of the Business & Commerce Code to involve obligations in excess of those which are appropriate to the goods;

Appellant contends that it could not have possibly violated sec. 17.46(a) and (b) of the DTPA because appellant did not make any representations regarding the clear and transferable title, and appellant was not under a duty to disclose the status of the vehicle's title, since appellant was not aware of the defect.

As authority for this contention, appellant cites *Robinson v. Preston, Chrysler-Plymouth, Inc.*, 633 S.W.2d 500 (Tex.1982). In *Robinson*, plaintiffs purchased an automobile from defendants unaware that it had been previously leased, wrecked and repaired. The defendant testified that although he was aware the car had been leased, he was unaware that the car had been wrecked prior to the sale. The court found that defendant's *failure to disclose* that the car had been wrecked was not a deceptive trade practice if the speaker had no knowledge of those facts. *Robinson, supra* at 502.

■ However, the court recognized a distinction between a *"misrepresentation"* and a "failure to disclose." When a seller represents facts to a buyer, he is under *a duty* to know if his statements are true. *Id.* No such duty arises if the seller does not make a representation, but merely fails to disclose information which he does not know. *Id.* Section 17.46(b)(23) incorporates an element of intent or knowledge which most of the other subdivisions do not contain:

> (23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Tex.Bus. & Com. Code Ann. sec. 17.46(b)(23).

■ "Knowledge" of the act is only required under sec. 17.46(b) if the act falls within one of the Act's subdivisions which require express intent or knowledge: subdivisions (9), (10), (13), (17), (22), and (23). *Pennington v. Singleton*, 606 S.W.2d 682 (Tex.1980). In *Pennington*, the Supreme

Court explained that if the legislature had meant for "intent" or "knowledge" to be a requirement for *all violations*, the legislature would not have written it into specific items without requiring it under the other subdivision of sec. 17.46(b). Although the *Pennington* court mainly addressed the constitutionality of imposing treble damages and liability without a showing of intent, the court also recognized the general "strict liability" scheme of the rest of the statute. *See also* Curry, "The 1979 Amendments To The Deceptive Trade Practices-Consumer Protection Act," 32 *Baylor L.Rev.* (1980).

A major distinction between the instant case and *Robinson* is that in *Robinson*, the jury decided only the "failure to disclose" issue. On the other hand, the instant case went to trial on the issue of whether a misrepresentation had been made, which caused appellees to suffer damages. Therefore, the *Robinson* case which holds that one cannot be liable under DTPA for "failing to disclose facts" which he does not know, does not necessarily apply to a case where the seller misrepresents a fact. In a misrepresentation case, the seller is under a duty to know whether his statements are true. *Robinson, supra* at 502.

■ Once a representation is made, it becomes a "false, misleading, or deceptive" act or practice as a matter of law if it falls within the "laundry list" of acts enumerated in sec. 17.46(b) or if the trier of fact finds it to be a deceptive trade practice. *Franklin v. State of Texas*, 631 S.W.2d 519 (Tex.App.—El Paso 1982, no writ); *Prairie Cattle Co. v. Fletcher*, 610 S.W.2d 849 (Tex.Civ.App.—Amarillo 1980, no writ).

The dealer's act of representing to used car buyers that he can provide them with a properly assigned certificate of title, and then failing to do so, has been held to be a violation of the DTPA. *Franklin, supra.* Furthermore, the trial judge in the instant case found that appellant's representations amounted to four of the strict liability violations enumerated in sec. 17.46(b).

Thus, if there is sufficient evidence to support the trial judge's findings that appellant represented that he would transfer a clear title to appellees upon payment, this court must sustain the trial court's findings that the representation violated the DTPA.

The evidence in the record supports the trial judge's findings. In Texas, the Texas Certificate of Title Act requires dealers of used vehicles to provide a valid certificate of title, and to transfer such certificate of title into the new owner's name, before the vehicle can be legally sold at a subsequent sale. Texas Revised Civil Statute, art. 6687-1, sec. 33 (Vernon Supp.1980); *Drake Insurance Co. v. King*, 606 S.W.2d 812 (Tex.1980). Any sale made in violation of the Texas Certificate of Title Act is *void;* no title passes until all provisions of the Act have been complied with. Tex.Rev.Civ. Stat.Ann. art. 6687-1, sec. 53 (Vernon 1980).

■ The DTPA mandates that when a dealer represents that he can sell used cars, he necessarily represents that he can transfer a legal title to the new owner in order to consummate a valid sale. These two representations go hand in hand; otherwise, the dealer falsely represents that he can *legally* sell the car to consumers.

■ The record in the instant case reflects that appellees never received a certificate of title upon their purchase of a used vehicle from appellant. In fact, appellant admits that it never transferred the certificate of title into appellee's name, although all papers necessary to effect such transfer were executed by appellees at the time of sale. It is undisputed that the appellant represented by its sales contract and through its agent, Mr. Wright, that it could legally sell the vehicle to the appellees. There was sufficient evidence for the trial judge to find that appellant misrepresented that he had marketable title which would be transferred to appellees upon payment of the purchase price. Appellant's first five grounds of error are overruled.

In points of error six through eleven, appellant challenges the court's determina-tion of damages. First, appellant contends that the trial court improperly rendered judgment rescinding the contract and restoring the consideration paid.

Appellant argues that rescission is not a proper remedy because the appellees failed to plead two things: (1) that appellant justifiably revoked acceptance, and (2) that the car did not conform to the contract. Alternatively, appellant contends that if the trial judge's finding of damages were based on a restoration of the consideration paid, such remedy was improper because a plaintiff may not recover both restoration of the consideration paid pursuant to 17.50(b)(3) and treble damages under 17.50(b)(1). The appellant also contends that there is insufficient evidence to support the trial court's finding of $9,150.66 actual damages.

Appellees alleged in their pleadings that they were adversely affected by a breach of contract and certain misleading representations by the appellant concerning the transfer of the vehicle's title. Appellees also alleged that they suffered actual damages in the amount of $8,000.

Appellees prayed that they recover actual damages, that the actual damages be trebled, that punitive damages be awarded, and that they be awarded reasonable attorney fees plus court costs.

Under sec. 17.50 of the DTPA, a consumer who proves that a merchant has committed one of the specific enumerated acts or practices of sec. 17.46(b) may recover the amount of *actual damages* found by the trier of fact, plus two times that portion of actual damages that does not exceed $1,000.

If the trier of fact finds that the conduct was committed knowingly, the judge may award three times the amount of actual damages in excess of $1,000. Sec. 17.-50(b)(1). The section of the DTPA under which appellees pled provides for the recovery of actual damages as are recoverable at common law. *Chrysler Corp. v. Schuenemann*, 618 S.W.2d 799 (Tex.Civ. App.—Houston [1st Dist.] 1981). Thus, any damages awarded must fall under this section.

The trial judge found that the automobile purchased by appellees was entirely unfit and useless for the purpose for which it was purchased, and that there was no reasonable market value for the automobile as of the date of trial. Accordingly, the trial court awarded appellees actual damages in the amount of $9,150.66. Of that sum, $7,320.30 constituted the purchase price of the vehicle, and $1,830.38 constituted interest paid on a $6000 loan appellees made to pay off the automobile. In accordance with sec. 17.50(b)(1), the trial judge also awarded appellant two times the damages under $1,000 and three times damages over $1,000:

| | |
|---|---|
| a. $9,150.66 actual damages | |
| b. two times damages under $1,000 | $ 2,000.00 |
| c. three times damages over $1,000 | $24,452.04 |
| Total | $26,452.04 |

■ Under the breach of warranty theory asserted by appellee, the measure of damages is the "difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted" at the time of sale. *Chrysler Corp., supra* at p. 805, *citing* Tex.Bus. & Com.Code Ann. Paragraph 2.714(b) (Vernon 1968).

■ Here, the trial judge relied on the purchase price as evidence of the market value of the vehicle, if it had been as represented. In absence of other proof of the market value as warranted, the actual sales price is sufficient evidence to support a finding on that issue. *Chrysler Corp., supra* at 805; *Smith v. Kinslow*, 598 S.W.2d 910 (Tex.Civ.App.—Dallas 1980, no writ).

■ As a part of actual damages, the court is justified in considering the interest and finance charges which a purchaser has become bound to pay in a purchase induced by a deceptive trade practice. *Chrysler Corp., supra.* Regardless of which of several methods available to the trial court was used in determining the actual dam-

ages incurred by the appellees, there was sufficient evidence of probative value to support the court's findings of fact concerning these damages. Points of error six through eleven are overruled.

Appellant contends that the trial court erred in awarding appellees treble damages under sec. 17.50(b)(1) because that portion of the judgment does not conform to the trial judge's finding in Finding of Fact VI, which provides:

The Defendant, LONE STAR FORD, INC., by and through Charles West in deposition testimony, testified that Defendant, LONE STAR FORD, INC., could have discovered the defect in title prior to the sale of said vehicle to Plaintiffs had they performed a diligent and prudent search.

The appellant argues that the trial court's judgment does not conform to Finding of Fact VI, because the judgment recites that the violation of sec. 17.46(b) was committed "knowingly".

Appellant contends that the "could have discovered" language of the finding of fact could not possibly mean "knowingly" as that term is defined under DTPA sec. 17.-45(9).

Section 17.45(9) provides in pertinent part:

(9) "Knowingly" means actual awareness of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act or practice constituting the breach of warranty, but actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

Appellant contends that "could have discovered" at most establishes gross negligence and not the high level of actual awareness described in sec. 17.45(9).

■ That part of the judgment which recites that appellant "knowingly" committed a violation of sec. 17.46(b) does not conform to the trial court's finding that

appellant "could have discovered the defect in title prior to the sale of the vehicle." Under rule 301 of the Texas Rules of Civil Procedure, the judgment of the court should conform to its findings of fact. *Mercedes Dusting Service, Inc. v. Evans,* 353 S.W.2d 894 (Tex.Civ.App.1962, no writ). Appellant's point of error twelve is sustained.

That portion of the judgment which awards the appellees three times the amount of actual damages in excess of $1000 in accordance with sec. 17.50(b)(1) of the DTPA is reversed and such amount is excluded from the total damages.

As thus reformed, the judgment of the trial court is affirmed.