**SOUTHWESTERN CLINIC OF BONE & JOINT DISEASES, Appellant,**

v.

**FARMERS INSURANCE GROUP, Appellee.**

No. 13–92–355–CV.

Court of Appeals of Texas, Corpus Christi.

March 11, 1993.

Christian Jenkins, Arlington, for appellant.

Randall G. Walters, Gregory R. Ave, Touchstone, Bernays & Johnston, Dallas, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Southwestern Clinic of Bone & Joint Diseases, sued appellee, Farmers Insurance Group, alleging negligent misrepresentation, breach of assignment, and unjust enrichment. Farmers moved for summary judgment on the grounds that Southwestern did not rely on the alleged misrepresentation and that it suffered no detriment. The trial court granted a take-nothing summary judgment. Southwestern appeals by three points of error. We reverse and remand.

Southwestern alleged that in July and August 1989, it had provided $3,059 in medical services to Vic Nwankpah for injuries he received in an automobile collision with William Butler. Farmers was the carrier obligated to pay Nwankpah's medical expenses resulting from the collision. Farmers' representatives informed a Southwestern employee that Southwestern's name would appear on the check made payable to Nwankpah for settlement of his claims against Butler and that Farmers would protect its bill for Nwankpah's medical services. Thereafter, Farmers settled its claim with Nwankpah and failed to include Southwestern's name on the check or to protect Southwestern's bill. Southwestern asserted that Farmers either knowingly represented or concealed that it would see that Southwestern's bill would be paid at the conclusion of the case, that it would include Southwestern's name on the check, and that it would not recognize an assignment of benefits from Nwankpah to Southwestern. Southwestern alleged that Farmers' representations concerned material facts because it would have taken action to see that its bill would have been paid on conclusion of Nwankpah's claim against Butler. Southwestern further alleged that Farmers had superior knowledge concerning the subject matter of the transaction and that it justifiably relied upon that knowledge.

Farmers moved for summary judgment on the grounds that: (1) Southwestern did not rely upon the misrepresentation, given that it attempted to collect against Nwankpah; and (2) Southwestern had not suffered any detriment, given that it could have still collected from Nwankpah based upon the itemized statements made the basis of this suit. Farmers' summary judgment proof consisted of Southwestern's responses to its requests for admissions which showed, in relevant part, that:

1. A settlement between Farmers and Nwankpah occurred in July 1990. Subsequent to the settlement date, Southwestern became aware of that settlement.

2. Subsequent to the settlement date and subsequent to the date that Southwestern became aware of the settlement, it attempted to collect on

the itemized statements from Nwankpah.

3. Southwestern admitted that it was possible "as of this day"[1] for it to have a claim against Nwankpah for nonpayment of the itemized statements made the basis of this suit.

4. Southwestern admitted that a medical lien regarding the itemized statements made the basis of this suit was not filed.

5. Southwestern admitted that other than writing one letter to Nwankpah's attention, it had not attempted to collect on the itemized statements from Nwankpah.

In its response, Southwestern asserted that Farmers was not entitled to judgment as a matter of law because § 552 of the Second Restatement of Torts provides for imposition, by law, of liability for negligent misrepresentation. Southwestern's summary judgment proof consisted of Skip Spruill's affidavit and Nwankpah's assignment and authorization. Spruill, Southwestern's business manager, stated, in relevant part:

On August 8, 1989, I contacted Farmers Insurance Group[2] regarding the charges for medical treatment rendered to Mr. Nwonkpak.[3] I was aware that Mr. Nwonkpak had a claim against a third party as a result of an automobile accident, and Farmers was the insurer for this third party. My purpose in contacting Farmers was to be sure that the bill of Southwestern Clinic of Bone and Joint Disease was paid out of any settlement. I was concerned about payment because the attorney who had agreed to protect our bill in the event of settlement had withdrawn from the case.... I spoke with a representative of Farmers whose last name was Daniel. Mr. Daniel assured me that when the case was set-

tled, Dr. Quatro's[4] name would be included on the settlement check. I immediately mailed a copy of Vic Nwonkpak's assignment to Farmers along with the bill.... On September 5, 1989 I telephone [sic] Farmers about the bill of Nwonkpak.... I spoke with an insurance adjustor of Farmers by the name of Dick Cryan. Mr. Cryan told me that he had received the documents I had mailed, and that at the time of settlement Dr. Quatro's name would be on the settlement check.

Spruill also stated that about April 18, 1991, he learned that Nwankpah's case had been settled, but that Dr. Quatro's name was not on the settlement check. He further stated that if Farmers had not assured him that the check would have included Dr. Quatro's name, he would have taken further action to ensure payment of Nwankpah's bill, i.e., he would have hired counsel to use the necessary remedies, including a pre-judgment garnishment of Farmers. According to Spruill, a suit against Nwankpah would not be viable at this time because: 1) all funds which would have been available for garnishment have been distributed; 2) as of August 29, 1989, he could have located Nwankpah, but he can no longer do so; and 3) in all likelihood, Nwankpah was judgment proof.

Nwankpah's assignment and authorization stated:

I HEREBY AUTHORIZE ALL MEDICAL AND/OR SURGICAL BENEFITS TO BE PAID DIRECTLY TO DR. F.J. QUATRO, SOUTHWESTERN CLINIC OF BONE AND JOINT DISEASES ... BY REASON OF SERVICES DESCRIBED IN THE STATEMENTS RENDERED, AND PROVIDED FOR IN THE INSURANCE POLICY CONTRACT.

. . . . .

---

1. The transcript includes Southwestern's "PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS." A certificate of service was made part of the response. The certificate shows that the response was served on Farmers' attorney, return receipt requested, on January 8, 1992.

2. In this affidavit, Farmers Insurance Group will be abbreviated as Farmers.

3. Nwankpah's name is spelled this way throughout the affidavit.

4. Dr. Quatro was doing business as Southwestern Clinic of Bone & Joint Diseases.

I FURTHER AUTHORIZE THE ATTORNEY WHO I HAVE RETAINED TO REPRESENT ME TO PAY ANY OUTSTANDING BALANCE I MAY HAVE WITH DR. F.J. QUATRO OUT OF ANY SETTLEMENT THAT MAY ARISE FROM HIS/HER REPRESENTING ME.

I UNDERSTAND THAT I AM SOLELY RESPONSIBLE FOR ALL CHARGES INCURRED. . . .

■ In reviewing a summary judgment record, we must determine whether a disputed material fact issue exists that would prevent summary judgment. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984). Every reasonable inference must be indulged in the non-movants' favor, and any doubt resolved in their favor. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

■ By point one, Southwestern complains that the trial court erred in granting summary judgment on its negligent-misrepresentation claim because Farmers did not disprove any elements of this claim. Texas permits negligent-misrepresentation suits, as a form of remedial fraud, as defined in the Restatement (Second) of Torts, § 552. *Great Am. Mortgage Investors v. Louisville Title Ins. Co.*, 597 S.W.2d 425, 429 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Rosenthal v. Blum*, 529 S.W.2d 102, 104 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). To prevail on a negligent-misrepresentation suit, the plaintiff must prove that: (1) the defendant made the representation in the course of its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *First Interstate Bank v. S.B.F.I., Inc.*, 830 S.W.2d 239, 245 (Tex. App.—Dallas 1992, no writ): *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231, 234 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (quoting RESTATEMENT (SECOND) OF TORTS § 552(1) (1977)).

In this case, the evidence showed that Farmers assured Southwestern that when Nwankpah's case was settled, the settlement check would include Dr. Quatro's name. Southwestern relied on Farmers' assurance because Skip Spruill stated that if Farmers had not made the assurance, he would have taken further action to ensure payment of Nwankpah's bill, *i.e.*, he would have hired counsel to use the necessary remedies, including a pre-judgment garnishment of Farmers. When Farmers paid the settlement without including Dr. Quatro's name on the settlement check, Southwestern suffered pecuniary loss (detriment) because it was deprived of the immediate use of its share of the proceeds, *i.e.*, the amount needed to pay Nwankpah's bill. Southwestern must now spend its time, money, and resources to collect payment on the bill from Nwankpah.

■ Even though one does not have a duty to act, if one acts voluntarily, he must do so with due care and is generally liable for negligence. In this case, Farmers assumed the duty of including Dr. Quatro's name on the check. Farmers has not proven as a matter of law that Southwestern did not rely on its assurances to include Dr. Quatro's name on the check, or that Southwestern did not suffer pecuniary loss by its failure to put Dr. Quatro's name on the check. Summary judgment is appropriate only when a movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). Farmers did not meet this burden

and is not entitled to summary judgment on Southwestern's negligent-misrepresentation claim. Point one is sustained.

By points two and three, Southwestern complains that the trial court erred by granting summary judgment on its unjust-enrichment and breach-of-assignment claims because the summary judgment motion did not address these claims, and no summary judgment proof supported summary judgment on these claims.[5] We note that Farmers neither amended its summary judgment motion to address these causes of action nor did it file special exceptions attacking them. Although these causes of action may or may not be viable, a party can only obtain summary judgment on those causes of action to which the summary judgment motion was directed. We hold that the trial court erred by granting summary judgment on Southwestern's breach-of-assignment and unjust-enrichment claims. Points two and three are sustained.

We REVERSE the trial court's judgment and REMAND the case to the trial court.

5. Southwestern filed its amended petition alleging these claims on February 10, 1992. The summary judgment hearing was held on February 17, 1992. Farmers asserts that since the record does not show that leave of court was granted to file the amended pleading within seven days of the hearing, it should be disregarded. The record does not show whether leave of court was requested or granted. Additionally, the record gives no indication that the trial court refused leave to file nor does it contain a motion to strike the amended petition. The amended petition was before the trial court, and the trial court's judgment states that it took into consideration the "pleadings on file." Since the record is silent of any basis to conclude that the trial court did not consider the amended petition, and inasmuch as Farmers has not shown surprise or prejudice, leave of court is presumed. *Goswami v. Metropolitan Sav. & Loan Ass'n.*, 751 S.W.2d 487, 490 (Tex. 1988). *See* Tex.R.Civ.P. 63.