TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING








NO. 03-96-00524-CV





Apple Imports, Inc. dba Apple Toyota, Appellant


v.


Debbie Koole and Pete Resendez, Appellees





FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 224492, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 





 Our opinion issued April 10, 1997 is withdrawn, and the following is issued in lieu thereof.

 Appellant Apple Imports, Inc., doing business as Apple Toyota ("Apple"), appeals a
judgment awarding damages to Debbie Koole and Pete Resendez, appellees, for violations of the Texas
Deceptive Trade Practices Act ("DTPA"). See Tex. Bus. & Com. Code Ann. §§ 17.46-.63 (West 1987
& Supp. 1997). In six points of error, Apple contends that appellees lacked standing to bring suit under
the DTPA and that the evidence was legally and factually insufficient to support a finding that Apple
engaged in any false, misleading, or deceptive act. In a cross-point, appellees assert that the trial court
erred in not setting aside the jury's determination that Apple did not convert appellees' automobile. We
will affirm the judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND


 On Saturday December 3, 1994, appellees visited Apple's automobile dealership and
decided to purchase a used Mazda MX-3. As part of the consideration for the Mazda, appellees orally
agreed to trade in their Dodge Dynasty. Due to the late hour, appellees were unable to complete the
necessary papers to consummate the transaction before the dealership closed for the day. At an Apple
employee's suggestion, appellees drove the Mazda home and left their Dodge at Apple, planning to return
on Monday to finalize the paperwork for the purchase. Over the weekend, however, appellees changed
their minds about buying the Mazda. When appellees returned to the dealership on Monday to give back
the Mazda and retrieve their Dodge Dynasty, however, they discovered that Apple had already sold the
Dodge to a wholesaler in Eagle Pass, Texas, without their authorization and without title to the car. Apple
arranged to have appellees' car returned from Eagle Pass on Friday, December 9, 1994. However,
appellees did not pick up the vehicle until July of 1995. When appellees finally recovered their Dodge, they
discovered it had an additional 800 miles on the odometer and a long scratch on the driver's side of the
car that had not been present in December when they originally took it to the Apple dealership.

 Appellees filed suit against Apple alleging violations of the DTPA and conversion. A jury
found Apple to have engaged in a false, misleading, or deceptive act and awarded $2,000 in damages;
however, the jury found that Apple did not convert appellees' Dodge. Apple appeals the trial court's
judgment. In a cross-point, appellees argue that the trial court erred in failing to set aside the jury's finding
that Apple did not convert appellees' car.


DISCUSSION


 In its first point of error, Apple contends appellees lacked standing to bring suit under the
DTPA because they do not qualify as "consumers" under the act. Whether a plaintiff is a consumer is
generally a question of law to be determined by the trial court from the evidence. HOW Ins. Co. v. Patriot
Fin. Servs. of Texas, Inc., 786 S.W.2d 533, 539 (Tex. App.--Austin 1990, writ denied), disapproved
on other grounds, Hines v. Hash, 843 S.W.2d 464, 469-70 (Tex. 1992). The trial court's legal
conclusion will not be reversed unless it is erroneous as a matter of law. Westech Eng'g, Inc. v.
Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, writ denied).

 Under the DTPA, a consumer is an individual who seeks or acquires, by purchase or lease,
any goods or services. See Tex. Bus. & Com. Code Ann. § 17.45(4) (West 1987). In order to qualify
as a consumer under the DTPA, two requirements must be met: (1) the person must seek or acquire goods
or services by purchase or lease, and (2) the goods or services sought or acquired must form the basis of
the complaint. Sherman Simon Enters., Inc. v. Lorac Serv. Corp., 724 S.W.2d 13, 14 (Tex. 1987). 
Apple argues that appellees do not meet the second part of this test because appellees' complaint is based
on the handling of their Dodge Dynasty, which Apple insists was a collateral service to their purchase of
the Mazda. We disagree.

 The determination of consumer status is made by looking at the transaction from the
plaintiff's perspective. Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705, 707 (Tex. 1983). 
From appellees' viewpoint, the only transaction was the purchase of the Mazda MX-3. The trade-in of the
Dodge Dynasty was simply a means to make the purchase. See id. The planned trade-in was to form part
of the consideration for the purchase of the Mazda and, therefore, was an integral part of the consumer
transaction. Appellees' complaint arose out of a single transaction--the attempted purchase of the Mazda. 
The trial court's conclusion that appellees were consumers was not erroneous.

 Apple argues, in the alternative, that the trial court erred in not submitting to the jury the
question of whether appellees were consumers. Unless there is a dispute concerning the factual issues that
create a consumer status, the question of consumer status is a question of law for the court to decide. See
Leonard & Harral Packing Co. v. Ward, 883 S.W.2d 337, 342 (Tex. App.--Waco 1994), rev'd on
other grounds, 937 S.W.2d 425 (Tex. 1996); 3Z Corp. v. Stewart Title Guar. Co., 851 S.W.2d 933,
937 (Tex. App.--Beaumont 1993, writ denied). If the facts are disputed, the jury is called upon to resolve
the factual issues, but the court still must decide the legal effect of the resolved issues. See id. In the present
case, there is no dispute concerning the facts that create appellees' consumer status. Rather, the parties'
dispute revolves around a legal interpretation of those facts. The trial court did not err in failing to submit
a jury question on appellees' consumer status. We overrule point of error one.

 In points of error two through five, Apple argues that the evidence is legally and factually
insufficient to support the jury's finding that Apple violated the DTPA. In reviewing the legal sufficiency of
the evidence, we consider only the evidence and inferences, viewed in the light most favorable to the verdict,
that tend to support the finding, and we disregard all evidence and inferences to the contrary. Davis v. City
of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988). If there is any evidence of probative force to support
the finding, it will be upheld. See Sherman v. First Nat'l Bank, 760 S.W.2d 240, 242 (Tex. 1988). In
reviewing the factual sufficiency of the evidence to support a finding on which the appellee had the burden
of proof at trial, we examine the entire record and will set aside a judgment only if the evidence as a whole
is so weak that the finding is clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 Apple contends that its act of selling appellees' Dodge was merely a mistake and does not
constitute or create a misrepresentation. Under the particular circumstances of this case, we disagree. 
When it took possession of appellees' car to determine its "trade-in" value, Apple made an implied
representation. Violation of an implied representation has been held to constitute a "laundry list" violation
under the DTPA. See Rickey v. Houston Health Club, Inc., 863 S.W.2d 148, 151 (Tex.
App.--Texarkana 1993), writ denied per curiam, 888 S.W.2d 812 (Tex. 1994); Lone Star Ford, Inc.
v. Glashan, 681 S.W.2d 720, 724 (Tex. App.--Houston [1st Dist.] 1984, no writ). In Lone Star, the
court said that when a dealer represents he can sell a used vehicle, "he necessarily represents he can transfer
a legal title to the new owner." Lone Star Ford, 681 S.W.2d at 724. Similarly, when Apple took
possession of appellees' Dodge Dynasty for the stated purpose of appraising it for its "trade-in" value, we
believe Apple impliedly represented that it would not sell appellees' car until the transaction was completed
and there was a clear showing of a valid complete transfer of ownership. (1) See Tex. Transp. Code Ann. §
501.071 (West Supp.1997) (prohibiting the sale of a motor vehicle without a transfer of the certificate of
title); cf. Najarian v. David Taylor Cadillac, 705 S.W.2d 809, 811 (Tex. App.--Houston [1st Dist.]
1986, no writ) (in transfer of automobile, a clear showing of a valid and complete transfer of ownership is
required). Apple's general manager testified that the dealership "commonly" sold vehicles without first
securing legal title, and it is undisputed that Apple sold appellees' Dodge before appellees completed the
transfer of the automobile. Thus, looking at the evidence in the light most favorable to the verdict, we cannot
say the evidence is legally insufficient to support the jury's finding that Apple violated the DTPA. Further,
after reviewing the entire record, we conclude that the evidence supporting the jury's finding is not so weak
as to make the finding clearly wrong and unjust. We overrule points of error two through five. Having
overruled those points of error, we need not address point six.

 In a cross-point, appellees challenge the jury's negative answer to question five of the jury
charge, which asked whether Apple converted appellees' automobile and whether such conduct was a
proximate cause of damages. Appellees assert that the trial court erred in failing to set aside the jury's
answer to question five because the jury's failure to find that Apple converted appellees' Dodge was
contrary to the overwhelming weight and preponderance of the evidence. (2)


 Appellees must overcome two hurdles to set aside an adverse "non-finding" by the jury as
a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982). First, the record must be examined for evidence that supports the jury's
findings, while ignoring all evidence to the contrary. If there is no evidence to support the fact finder's
answer, the entire record must then be examined to see if the contrary proposition is conclusively
established. Sterner, 767 S.W.2d at 690.

 To establish conversion of personal property, a plaintiff must prove that: (1) the plaintiff
owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and
without authorization assumed and exercised dominion and control over the property to the exclusion of,
or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and
(4) the defendant refused to return the property. Whitaker v. Bank of El Paso, 850 S.W.2d 752, 760
(Tex. App.--El Paso 1993, no writ). After carefully reviewing the record, we conclude that the record
contains some evidence to support the jury's finding. Apple's general manager told appellees that their
Dodge would be returned on Friday, December 9, 1994. Although the Dodge was at Apple on Friday,
appellees did not pick it up. On Saturday, December 10, while appellees were returning the Mazda MX-3
to the dealership, they saw their Dodge in the parking lot, but did not pick it up on the advice of their
attorney. We conclude that the record contains more than a scintilla of evidence that Apple did not refuse
to return appellees' car, a required element of conversion. We overrule appellees' cross-point.



CONCLUSION


 We affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 15, 1997

Publish

1. We do not hold that an implied representation like the one discussed above exists in all bailment
situations. See, e.g., 8A Tex. Jur. 3d Bailments § 1 (1995). The present case is not a typical bailment
case, since possession of appellees' car was transferred only because it was going to form part of the
consideration for their purchase of another car. Thus, Apple's very possession of the Dodge Dynasty was
a necessary part of the transaction involving appellees' proposed or attempted purchase of the Mazda.
2. Because it is not readily apparent from the argument briefed that appellees were attempting to
raise a factual sufficiency complaint, Pool v. Ford Motor Co., 715 S.W.2d 629, 632-33 (Tex. 1986), and
because the trial court would not have been authorized to disregard the jury's answer to question five
merely because it was against the great weight and preponderance of the evidence, we construe appellees'
cross-point as a challenge to the legal sufficiency of the evidence rather than the factual sufficiency. See
Novy v. Employers Casualty Co., 536 S.W.2d 101, 103 (Tex. Civ. App.--Austin 1976, writ ref'd
n.r.e.).


r reviewing the entire record, we conclude that the evidence supporting the jury's finding is not so weak
as to make the finding clearly wrong and unjust. We overrule points of error two through five. Having
overruled those points of error, we need not address point six.

 In a cross-point, appellees challenge the jury's negative answer to question five of the jury
charge, which asked whether Apple converted appellees' automobile and whether such conduct was a
proximate cause of damages. Appellees assert that the trial court erred in failing to set aside the jury's
answer to question five because the jury's failure to find that Apple converted appellees' Dodge was
contrary to the overwhelming weight and preponderance of the evidence. (2)


 Appellees must overcome two hurdles to set aside an adverse "non-finding" by the jury as
a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982). First, the record must be examined for evidence that supports the jury's
findings, while ignoring all evidence to the contrary. If there is no evidence to support the fact finder's
answer, the entire record must then be examined to see if the contrary proposition is conclusively
established. Sterner, 767 S.W.2d at 690.

 To establish conversion of personal property, a plaintiff must prove that: (1) the plaintiff
owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and
without authorization assumed and exercised dominion and control over the property to the exclusion of,
or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and
(4) the defendant refused to return the property. Whitaker v. Bank of El Paso, 850 S.W.2d 752, 760
(Tex. App.--El Paso 1993, no writ). After carefully reviewing the record, we conclude that the record
contains some evidence to support the jury's finding. Apple's general manager told appellees that their
Dodge would be returned on Friday, December 9, 1994. Although the Dodge was at Apple on Friday,
appellees did not pick it up. On Saturday, December 10, while appellees were returning the Mazda MX-3
to the dealership, they saw their Dodge in the parking lot, but did not pick