IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00257-CV

 

Kelly Calahan,

                                                                      Appellant

 v.

 

Tony Gullo Motors, Inc. 

d/b/a Gullo Toyota,

                                                                      Appellee

 

 

 



From the 359th District Court

Montgomery County, Texas

Trial Court No. 02-06-03921 CV

 



MEMORANDUM  Opinion



 








          Kelly Calahan sued Tony Gullo Motors
(“Gullo”) for the tort of conversion.  The trial court denied Calahan’s motion
for partial summary judgment on the issue of whether Gullo committed a
conversion.  After a bench trial, the trial court found in favor of Gullo. 
Calahan brings eight issues on appeal, arguing the trial court erred in denying
his partial summary judgment motion and challenging the court’s findings of
fact and conclusions of law.

          We will overrule the issues and affirm
the judgment.

 

BACKGROUND

          In March of 2002, Calahan traded in
his Lexus automobile to Gullo in exchange for a new Toyota pickup truck.  The
parties anticipated Calahan would obtain financing from his employees’ credit
union to finish paying for the pickup.  Calahan could not obtain financing he
considered acceptable.  Calahan alleges that the Lexus was sold within a week
of his leaving it at the dealership and was not returned to him despite
repeated demands.  Gullo claims that it agreed to re-exchange the vehicles in
April of 2002 and that Calahan refused to pick up the Lexus.

Partial Summary Judgment

          Calahan argues that the trial court
erred in denying his motion for partial summary judgment on the issue of
whether or not Gullo converted Calahan’s vehicle.  When an appellant unsuccessfully
moves for summary judgment and subsequently loses in a trial on the merits, the
order denying summary judgment cannot be reviewed on appeal.  United Parcel
Serv., Inc. v. Tasdemiroglu, 25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  Here, Callahan’s summary judgment contention that
Gullo converted Calahan’s Lexus was rejected by the court after a bench trial.  Thus
we cannot review the denial of Calahan’s motion for summary judgment.

Findings of Fact and Conclusions of Law

          In his remaining issues, Calahan challenges
the legal and factual sufficiency of several of the trial court’s findings of
fact and conclusions of law.  He argues that the trial court issued findings of
fact for which there was legally insufficient evidence and which were against
the great weight and preponderance of the evidence.  Calahan had the burden to
prove each element of his conversion claim at trial.  When an appellant attacks
the legal sufficiency of an adverse finding on an issue on which he had the
burden of proof at trial, he must demonstrate on appeal that all vital facts in
support of the issue were conclusively established by the evidence, or as a
“matter of law.”  Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1990).  When an appellant raises a factual sufficiency issue, we review all of the
evidence to determine if the weight of the evidence in the record supports the
trial court’s findings.  Koch Oil v. Wilber, 895 S.W.2d 854, 861 (Tex.
App.—Beaumont 1995, writ denied).  Findings may be overturned only if they are
so against the great weight and preponderance of the evidence that they are
clearly wrong or manifestly unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  Conclusions of law are reviewed de novo as legal questions.  State v. Heal,
917 S.W.2d 6, 9 (Tex. 1996).  Conclusions of law will be upheld on appeal if
the judgment can be sustained on any legal theory supported by the evidence.  Tex. Dep’t of Pub. Safety v. Stockton, 53 S.W.3d 421, 423 (Tex. App.—San
Antonio 2001, pet. denied).

A person commits a conversion when he assumes
and exercises dominion and control over the personal property of another to the
exclusion of, or inconsistent with, the other person’s rights.  Waisath v.
Lack’s Stores, Inc., 474 S.W.2d 444, 446 (Tex. 1971).  To establish
conversion of personal property, a plaintiff must prove that: (1) the plaintiff
owned or had legal possession of the property or entitlement to possession; (2)
the defendant unlawfully and without authorization assumed and exercised
dominion and control over the property to the exclusion of, or inconsistent
with, the plaintiff's rights as an owner; and (3) the plaintiff suffered
injury.  Id; United Mobile Networks, L.P. v. Deaton, 939 S.W.2d
146, 147-148 (Tex. 1997); Apple Imports, Inc. v. Koole, 945 S.W.2d 895,
899 (Tex. App.—Austin 1997, pet. denied).  If the defendant originally acquired
possession of the plaintiff's property legally, to prove a claim for conversion
the plaintiff must establish that the defendant refused to return the property
after the plaintiff demanded its return.  Presley v. Cooper, 284 S.W.2d
138, 141 (Tex. 1955); Apple Imports, 945 S.W.2d at 899.

          Calahan’s second issue argues that the
trial court erred in finding that Gullo did not refuse to return the Lexus to
Calahan after Calahan demanded its return.  A former salesman for Gullo
testified that he was the person with whom Calahan dealt for the purchase of
the truck.  The salesman testified that Calahan, after having been initially denied
financing, told him that he wanted to come by and pick up his Lexus.   The
salesman testified that he notified the general sales manager for Gullo, Mr.
Dubiski, that Calahan wanted his Lexus back, to which Dubiski replied, “Fuck
him.  Tell him it’s gone.”  The salesman testified that Dubiski would not let
him give the vehicle back to Calahan despite informing Dubiski of Calahan’s
repeated requests.  However, Dubiski testified that he did not have any
knowledge that Calahan had demanded the return of his Lexus until Calahan met
with Dubiski in April of 2002.  Throughout the month of March, the salesman and
Gullo continued to try to get financing terms acceptable to Calahan. 
Considering all of the evidence, the trial court’s finding that Gullo did not
refuse to return the Lexus after Calahan demanded its return is not so against
the great weight of the evidence as to be clearly wrong or manifestly unjust.  Cain,
709 S.W.2d at 176.  Calahan did not establish conclusively that he demanded the
Lexus’ return and that Gullo refused.  Sterner, 767 S.W.2d at 690.  We
overrule his second issue.

          Calahan’s sixth issue argues that the
trial court erred in concluding that Calahan failed to establish by a
preponderance of the evidence that Gullo failed to return the Lexus after
Calahan demanded its return because Gullo’s tender was not timely as a matter
of law.  As stated above, there was conflicting evidence regarding when Calahan
demanded the return of his Lexus and whether Gullo ever refused such a demand. 
Dubiski testified that, within a few days of meeting with Calahan for the first
time on April 20th, the Lexus was back on the lot.  He testified that at the
meeting with Calahan they continued to discuss financing terms and that he
continued to seek financing under terms acceptable to Calahan.  He testified
that Calahan never attempted to pick up the Lexus after the meeting.  The trial
court found that Calahan failed to show that Gullo refused to return the Lexus
upon demand by Calahan.  Under these facts, we cannot say that Gullo’s tender
was untimely as a matter of law.  We overrule this issue.

          Calahan also argues that it is
unnecessary for him to establish that he demanded the return of the Lexus
because Gullo, by selling the Lexus and allowing it to leave its custody and
control, manifested a clear repudiation of Calahan’s rights.  See Bures
v. First Nat’l Bank, 806 S.W.2d 935, 938 (Tex. App.—Corpus Christi 1991, no
writ.) (Proof of a refused demand to return the property is not required if the
defendant’s acts amount to a clear repudiation of the plaintiff’s rights.)  Thus
he argues in his third and fourth issues that the trial court erred in finding
that Gullo’s possession of the Lexus was not inconsistent with or in denial of
Calahan’s rights in the Lexus, and erred in finding that Gullo did not exercise
dominion and control over the Lexus to the exclusion of, or inconsistent with,
Calahan’s rights.  Calahan signed an agreement to purchase the Toyota pickup truck, executed a power of attorney to transfer title of his Lexus automobile,
delivered the Lexus to Gullo as his earnest money deposit, and executed a
vehicle loan agreement in order to take immediate possession of the truck.  The
trial court’s finding that Gullo’s possession of the Lexus was not inconsistent
with Calahan’s rights in the Lexus was not against the great weight of the
evidence.  Nor do we find that Calahan established that Gullo’s actions
constituted a clear repudiation of his rights in the Lexus such that demand and
refusal were not required.  We overrule these issues.

          In his fifth and seventh issues,
Calahan challenges the trial court’s finding of fact and its conclusion of law
regarding Calahan’s failure to establish damages.  Calahan argues that damages
occur to the rightful owner of converted property once a conversion is
complete.  However, the trial court found that Calahan failed to establish that
Gullo unlawfully and without
authorization assumed and exercised dominion and control over the property to
the exclusion of, or inconsistent with, the plaintiff's rights—a required element for conversion.  We uphold that
finding.  Because Calahan failed to establish that a conversion occurred, we
need not consider whether Calahan established damages.

          Calahan’s eighth issue contends that
the trial court made findings of fact on matters that were not controlling
issues and erred in its judgment as a result of considering the findings.  Finding
no error in the judgment, we overrule this issue.




CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

BILL VANCE

Justice

 

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed July 13, 2005

[CV06]