

## NUMBER 13-11-00597-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**KIRK WAYNE MCBRIDE SR.** **Appellant,**

**v.**

**NORRIS D. JACKSON, ET AL.,** **Appellees.**

### On appeal from the 156th District Court of Bee County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Vela**

Appellant, Kirk Wayne McBride Sr., a Texas prison inmate, appeals, pro se, a trial court order dismissing his claims. By four issues, appellant argues that the trial court erred by: (1) dismissing his case pursuant to section 14.004 of the Texas Civil Practice and Remedies Code because there was no evidence to support the trial court's finding

that he did not list all of his previously filed lawsuits; (2) determining that his pleading was deficient as a matter of law with respect to his retaliation claim; (3) dismissing his case on the basis that he failed to allege a claim for violation of his right to due process, theft, and conversion of property; and (4) dismissing his case on the basis that there was no dispute that the caloric value of the food he was receiving was below standard.   We affirm.

## I.  BACKGROUND

Appellant originally sued several defendants alleging various claims, but at the telephonic hearing held in response to the State's motion to dismiss, appellant identified specific issues he wanted to pursue.   He identified a retaliation claim against appellees Evelyn Castro, Ciraldo Puente, Norris Jackson, Kimberly Pundt, Candace Moore, Kelli Ward, and Joella Puente.   Appellant argues only his claim against appellee Moore in his brief.   Appellant also claimed an action against Gabriel Gomez and Claudio Cantu, staff members of the McConnell Unit, for conversion and due process claims arising from the confiscation of a radio.   Appellant also made a claim for nutritional deprivation against appellees, Mr. Farrell and Mr. Jackson, staff members of the McConnell Unit.   Although his notice of appeal suggests claims against fifteen appellees, only five are involved in the causes he appeals.   After a hearing, the trial court found that:

> 1.   Plaintiff's claim against defendants Price and Diaz for access to courts concerning his inability to receive another offender's legal material is dismissed under Chapter 14.003 of the Texas Civil Practice and Remedies Code.

> 2.   Plaintiff's retaliation claim against defendants Evelyn Castro, Ciraldo Puente, Norris B. Jackson, Kimberly Pundt, Candace Moore, Kelli Ward, and Joella Puente is dismissed under Chapter 14.003 of the Texas Civil Practice and Remedies Code.

2

3. Plaintiff's retaliation claim against defendants Gomez and Cantu for conversion, due process and theft liability regarding a confiscated radio are dismissed under Chapter 14.003 of the Texas Civil Practice and Remedies Code.

4. Plaintiff's claims against defendants Jackson and Farrell regarding sack lunches during lockdown and the American Dietician Association's definition of a "nutritious wholesome meal" are dismissed under Chapter 14.003 of the Texas Civil Practice and Remedies Code.

5. Plaintiff's claims regarding his typewriter were previously litigated and are dismissed under Chapter 14.003 of the Texas Civil Practice and Remedies Code.

On appeal, appellant challenges the trial court's determination that he did not establish a claim for retaliation and erred in its determination that he failed to allege a violation of his rights with respect to theft and conversion of property, and that the trial court erred in dismissing his claim "on the basis that there was no challenge that the caloric contents of the food that Appellant was receiving was below standard."

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Here, the State sought dismissal of appellant's action as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). In making this determination, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

We review a dismissal of an inmate's lawsuit in forma pauperis under Chapter 14 of the civil practice and remedies code for abuse of discretion. *See Harrison v. Tex.*

3

*Dep't of Criminal Justice-Inst. Div.*, 164 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2005, no pet.); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

## III. ANALYSIS

### A. Retaliation

Appellant argues on appeal that he was disciplined for writing a letter to the warden complaining about appellee Moore, the law librarian. Specifically, appellant argued at the hearing that he sent a letter to the warden explaining that Moore was depriving him of his right to use the law library. Appellant argued that Moore "insinuated that the letter was saying that appellant had a bogus lien against her."

To prevail on a section 1983 retaliation claim, an inmate must be able to establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for exercising that right; (3) a retaliatory adverse act; and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) (adopting de minimis standard in retaliation claims because it achieves proper balance between the need to recognize valid retaliation claims and the danger of courts "embroiling themselves in every disciplinary act that occurs in state penal institutions"). Inconsequential actions, even if retaliatory, are not sufficient to support a retaliation claim. *Id.* A retaliation claim fails if the complained-of act, though motivated by retaliatory

4

intent, is so de minimis that it would not deter an ordinary person from further exercising his rights. *Id.*

The evidence at the hearing was that appellant sent the warden a letter stating that Moore had deprived him of the use of the law library and notifying Moore that if a response was not provided within seventy-two hours of the receipt of the document, that it would "constitute a debt in prospective damages in a sum equal to the maximum allowed for a fine that could be imposed for a first degree felony under Texas law and not to exceed the sum of $250,000 that will be subjected to an encumberance on all personal property that is not exempt under Texas law for direct violation of the complainant's constitutional rights." Texas Department of Criminal Justice policy was that offenders who send written notices to officials insinuating that they are liable for a bogus debt may be disciplined. Here, it is clear that appellant violated such policy. Thus, appellant did not show that "but for" the alleged retaliation, he would not have been disciplined. We overrule appellant's second issue.

## B. Theft, Conversion, and Due Process

By appellant's third issue, he argues that appellees wrongfully confiscated his radio. The evidence at the hearing was that the State confiscated his radio because it had been altered. He claims that such act was a violation of his right to due process and was theft or conversion of property. At the hearing, appellant argued that this claim was brought under the Texas Theft Liability Act, and for conversion and lack of due process. Both parties agreed that the radio was probably in the property room at the prison. The State claimed it was confiscated because it had been altered and was contraband.

5

There was no evidence offered that the radio had been converted by anyone for personal use. Under section 134.002 of the theft liability act, theft is defined as "unlawfully appropriating property . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 134.002 (West 2011). There was no evidence offered other than the radio was confiscated. There was evidence that appellant had the option of sending it home. Appellant was given confiscation papers and signed them. There is simply no claim under the theft liability act.

With respect to conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; and (3) the plaintiff suffered injury. *United Mobile Networks, L.P. v. Deaton,* 939 S.W.2d 146, 147–48 (Tex. 1997); *Apple Imports, Inc. v. Koole,* 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, pet. denied). If the defendant originally acquired possession of the plaintiff's property legally, the plaintiff must establish that the defendant refused to return the property after the plaintiff demanded its return. *Presley v. Cooper,* 284 S.W.2d 138, 141 (1955); *Apple Imports,* 945 S.W.2d at 899. There was no evidence that appellees unlawfully assumed dominion and control over the property inconsistent with appellant's rights.

Appellant also urges due process violations. The Due Process Clause is not violated when a prison official either negligently or intentionally deprives an inmate of property. *See Aguilar v. Chastain,* 923 S.W.2d 740, 743–44 (Tex. App.—Tyler 1996, writ denied) (*citing Daniels v. Williams,* 474 U.S. 327, 328 (1986) and *Hudson v. P*almer, 468

6

U.S. 517, 533 (1984)). "[D]eprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir.1994). Thus, even assuming the confiscation was wrongful, appellant has no due process claim for the confiscation of the radio. The evidence was that he was not actually deprived of the property in question. He was merely denied the right to use the property in a particular setting. We overrule appellant's third issue.

By issue four, appellant argues that, while on lock down, he was fed peanut butter sandwiches and boiled eggs, which are not wholesome meals. Regarding his Eighth Amendment claim, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) (internal quotation marks and citation omitted). The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. Amend. VIII. Prison officials must provide humane conditions of confinement, ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Conditions that result in "unquestioned and serious deprivation of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992) (citations omitted). Appellant's allegations that he sometimes received peanut butter sandwiches and boiled eggs simply does not amount to the "base, inhuman and barbaric" conditions

7

that violate the Eighth Amendment. *Novak v. Beto*, 453 F.2d 661, 665 (5th Cir.1971); *see also Whitley v. Albers*, 475 U.S. 312, 327 (1986) (noting that Eighth Amendment is "specifically concerned with the unnecessary and wanton infliction of pain . . . "). We overrule issue four.

By appellant's first issue, he argues that the trial court erred in deciding to grant the dismissal for the reason that he did not comply with section 14.004 of the Texas Civil Practice and Remedies Code. The court, in its judgment, noted that it was also granting appellant's motion because he failed to submit a complete list of previous filings, as required by the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2011). Because we have found that the trial court did not abuse its discretion in dismissing appellant's claims as frivolous, this issue is not dispositive and we decline to address it. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

Having overruled all issues necessary to disposition, we affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
12th day of July, 2012.

8